[No. 13179. In Bank. — December 20, 1890.]

A. O. PERKINS, RESPONDENT, v. ELLWOOD COOPER ET AL., APPELLANTS.

APPEAL — DISMISSAL — FAILURE TO FILE UNDERTAKING. — Where an undertaking on appeal is not filed or waived within the time prescribed by law, the appeal is ineffectual for any purpose, and will be dismissed.

ID. — SUBSEQUENT WAIVER OF UNDERTAKING — STIPULATION IN TRANSCRIPT. — The filing of an undertaking cannot be waived by a stipulation made after the right of appeal has been lost; and a stipulation to the correctness of the transcript, stating that an undertaking on appeal was duly executed and filed, if proved and conceded to be untrue, and made without knowledge of the facts, is not binding, and does not constitute a valid waiver of the undertaking, there being no appeal pending in this court when the stipulation was made.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

Upon a former hearing in Bank, a decision was rendered upon the merits of the appeal on the 8th of July,

1890, by which the judgment was reversed, and the cause remanded for a new trial. A rehearing was granted, upon the question of the jurisdiction of the court. The facts appertaining to this question, and to the dismissal of the appeal, are stated in the present opinion of the court.

*E. B. Hall, R. B. Canfield,* and *J. W. Taggart,* for Appellants.

The appeal was taken when the notice of appeal was filed and served. (*Lowell* v. *Lowell,* 55 Cal. 319; Hayne on New Trial and Appeal, sec. 206.) The stipulation annexed to the transcript shows that the appeal was perfected, and is conclusive upon the respondent here. (*Bonds* v. *Hickman,* 29 Cal. 460; *Carey* v. *Brown,* 58 Cal. 185; Hayne on New Trial and Appeal, sec. 283, and cases cited.) The evidence offered in the petition for a rehearing, and in the affidavits subsequently filed, should not now be considered in contradiction of the record as presented in the transcript. This is an attempt, on the part of respondent, after the submission and decision of the cause, to raise technical objections to the record affecting appellants' right to be heard. The objections should have been made before the hearing, or they cannot be considered. (Rule 13 of supreme court.) It is too late to rescind the stipulation, respondent's counsel having confessedly discovered the facts avoiding the stipulation before October, 1889, and before the year for taking a new appeal had elapsed. (*Moyle* v. *Landers,* 78 Cal. 106; 12 Am. St. Rep. 22.) The stipulation is a waiver of the undertaking. (Code Civ. Proc., secs. 940, 953; *In re Medbury,* 48 Cal. 83.) The parties may submit, by agreement, to the appellate jurisdiction of a court vested with general jurisdiction of the subject-matter involved in the controversy. (See Wells on Jurisdiction, sec. 86; *Warner* v. *Holman,* 24 Cal. 228, decision on petition for rehearing, p. 229, and comments on the decision in *Buffandeau* v. *Edmondson,* 24

Cal. 96; *Moyle* v. *Landers*, 78 Cal. 106; 12 Am. St. Rep. 22.)

*B. F. Thomas*, for Respondent.

The appeal was not effectual for any purpose, no undertaking having been filed or waived within the statutory time. (Code Civ. Proc., sec. 940; *Reed* v. *Kimball*, 52 Cal. 325; *Boyd* v. *Burrel*, 60 Cal. 280; *Biagi* v. *Howes*, 63 Cal. 384; *Stratton* v. *Graham*, 68 Cal. 168; *Duffy* v. *Greenebaum*, 72 Cal. 157; *Brown* v. *Green*, 65 Cal. 221; *Bellegarde* v. *S. F. Bridge Co.*, 80 Cal. 61; *Schurtz* v. *Romer*, 81 Cal. 244.) The stipulation is not such a waiver as is contemplated by the Code of Civil Procedure, not having been filed in the court below. (Code Civ. Proc., sec. 940; *Merritt* v. *Wilcox*, 52 Cal. 238, *Borkheim* v. *North B. & M. Ins. Co.*, 38 Cal. 623.) The undertaking could not be waived after the right of appeal was lost, nor could consent confer jurisdiction thereafter. (*In re Skerrett*, 80 Cal. 62; *Stark* v. *Jenkins*, 1 Wash. 421; 1 Am. & Eng. Ency. of Law, 621; *Wait* v. *Van Allen*, 22 N. Y. 319; *Clapp* v. *Hawley*, 97 N. Y. 610.)

The COURT.— Attention was called to the fact so briefly, and in such an incidental way, at the original hearing, that it escaped our notice; but upon rehearing, it is made manifest to us that there is nothing before us, in this cause, which we have jurisdiction to hear and determine.

A money judgment was rendered in the cause October 31, 1888. Notice of appeal was served and filed December 26th of the same year. No undertaking on appeal was ever filed or waived. The appeal was therefore " ineffectual for any purpose." (Code Civ. Proc., sec. 940; *Holcomb* v. *Sawyer*, 51 Cal. 417; *Boyd* v. *Burrel*, 60 Cal. 281; *Biagi* v. *Howes*, 63 Cal. 384; *Brown* v. *Green*, 65 Cal. 222; *Stratton* v. *Graham*, 68 Cal. 168; *Little* v. *Jacks*, 68 Cal. 344, 345; *Duffy* v. *Greenebaum*, 72 Cal. 159; *Estate of*

*Skerrett,* 80 Cal. 63; *Schurtz* v. *Romer,* 81 Cal. 245.) The appeal being ineffectual for any purpose, there has been and is no case here for our determination.

Attached to the transcript which has been filed herein, there is a stipulation, entitled in this court, agreeing to the correctness of the transcript, and stating that a good and sufficient undertaking on appeal has been duly executed and filed. It is both proved and conceded that this statement is untrue, and the attorney for respondent says that he signed it without actual knowledge of the fact, and relying upon the statement of the counsel on the other side that such an undertaking had been filed, coupled with the fact that he knew the counsel to be perfectly familiar with the requirements of the statute and a careful practitioner, and also that the parties were amply able to file the undertaking. There is possibly some doubt as to just what was said on the subject when that stipulation was signed; but there is no doubt about the fact that the statement contained in it on the subject of undertaking was untrue. From that fact, it follows, — 1. That there was then no case in this court in which counsel could bind a client by such a stipulation; 2. That if the language of the stipulation could possibly be construed as a waiver of an undertaking (which we very much doubt), it could only operate as a waiver as of and from the date of the stipulation, March 28, 1889, and there was at that date no appeal pending in which to waive an undertaking, and no cause pending in this court in which to make the stipulation. In *In re Skerrett,* 80 Cal. 63, it was held that, in order to entitle certain parties to appeal without filing an undertaking, under section 946 of the Code of Civil Procedure, the order dispensing with the undertaking must be made within the time prescribed by law for filing the undertaking. So if the filing of an undertaking is to be waived, it must be done within the time for filing; otherwise, the appeal is lost,

and the party has acquired a right of which he cannot be deprived by that attempt to appeal.

The order heretofore entered in this cause must be set aside, and the attempted appeal dismissed. So ordered.

Rehearing denied.