## NEWMAN et al. v. MALDONADO et al.

### No. 14,786; August 26, 1892.

30 Pac. 833.

**Appeal—Failure to Make Findings.**—A judgment will not be reversed because of the failure of the trial court to find on issues the burden of proving which was on appellant, unless he shows by bill of exceptions or by statement that he offered evidence in support thereof, sufficient, in the absence of countervailing evidence, to justify a finding in his favor thereon.

**Appeal—Waiver of Bond.**—Under Code of Civil Procedure, section 940, requiring an undertaking to be filed or waived within five days after service of notice of appeal, the waiver must be made within the five days, but it need not be filed within that time. Perkins v. Cooper, 87 Cal. 241, 25 Pac. 411, followed.

APPEAL from Superior Court, Los Angeles County; W. P. Wade, Judge.

Suit by Mary A. Newman, William Newman and others against George B. Maldonado, by Mary Hentig, his guardian ad litem, to quiet title to certain lands. From a judgment for plaintiffs, defendants appeal, and plaintiffs move to dismiss appeal. Motion to dismiss denied, and judgment affirmed.

George M. Holton, Duncan & Haas and Houghton, Silent & Campbell for appellants; Thomas J. Carran for respondents.

HAYNES, C.—Suit to quiet title to certain lands in Los Angeles county. The complaint is in the usual form. The defendant George B. Maldonado, a minor, appeared by his guardian ad litem, Mary Hentig, and filed an answer, and also a cross-complaint. The answer alleged that William Newman, one of the plaintiffs, was a minor, was not represented by guardian, and had no capacity to sue; denied the ownership of plaintiffs of the lands described in the complaint, or that they were, or ever had been, in possession, except as tenants of one J. H. Book, a special administrator of the estate of Bernard Newman, deceased, and of Mary Hentig, administratrix of said estate, and that as tenants they were holding over without right after the expiration of their term. The answer further admitted that he claimed to be the owner, and denied that his claim was without right, and alleged that defendant Mary Hentig claimed no interest otherwise than as his guardian. For a second and a third separate defense he pleaded that plaintiff's action was barred by sections 318 and 319, respectively, of the Code of Civil Procedure. Defendant's cross-complaint alleged his ownership of said lands as heir at law of Bernard Newman, deceased, under a decree of distribution made by the superior court June 30, 1888, in the matter of said estate; that plaintiffs claim as the heirs of John Newman, deceased; that John Newman's title rested upon an instrument purporting to be a conveyance made by said Bernard Newman to John Newman, January 22, 1874, and which was afterward re-

corded, but alleging that it was never delivered to John Newman, or to anyone for him, and that John Newman died without knowledge of the making or recording of it; that for a long time prior to the date of said conveyance, and up to the time of his death, November 15, 1886, Bernard Newman continued to occupy the premises adversely, and that since the death of Bernard Newman his administrators were in possession, paid the taxes, etc., until the final distribution of said estate, June 30, 1888, when said lands were distributed to defendant, and that he is still the owner, and seised in fee. The cross-complaint also repeated the allegations of the answer that plaintiffs entered under leases from Bernard Newman's administrators, and were holding over their term. The prayer of the cross-complaint was for a cancellation of the deed above mentioned, and that the title be quieted, etc. The plaintiffs joined in an answer to the cross-complaint, putting in issue all its material allegations. The transcript also contains another answer to the cross-complaint, which is as follows:

"Now comes W. B. Mathews, guardian ad litem, appointed by the court in the above-entitled action, and for answer to the cross-complaint herein denies each and every allegation therein severally.

"W. B. MATHEWS,
"Guardian ad Litem."

This answer was not verified. Findings and judgment went in favor of plaintiffs, and defendants appeal from the judgment upon the judgment-roll alone.

The findings are sufficient to support the judgment; but appellants contend that no findings were made upon several affirmative issues presented by defendant's answer, viz., the pleas of the statute of limitation; the allegation that plaintiffs entered under a lease and were in possession holding over after the expiration of their term; and that William Newman, one of the plaintiffs, was at the commencement of the action a minor, that he did not appear by guardian, and had not capacity to sue.

As to the first and second of these points it is sufficient to say that the burden of proving these affirmative matters rested upon the defendants, and, in the absence of evidence upon the issues thus presented, findings, if made, must have

been against them; and under that supposition the defendants were not prejudiced by the failure of the court to find upon them, and this court will not presume that evidence was introduced in support of such issues, where the record does not disclose that fact: Himmelman v. Henry, 84 Cal., at page 105, 23 Pac. 1098; Winslow v. Gohransen, 88 Cal. 453, 26 Pac. 504. In Himmelman v. Henry, supra, the court said (page 106, 84 Cal., and page 1098, 23 Pac.): ''This court will not reverse for the want of a finding upon an issue when there is no evidence in relation to that issue— meaning, of course, an issue upon a point not necessary to sustain the judgment, but only sufficient, if proved, to invalidate the judgment. . . . . The findings must be sufficient to support the judgment, and must contain nothing inconsistent with it; but a failure to find upon some issue, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue.'' Counsel for appellants cite several cases to the point that findings upon all these issues are necessary. In all of these cases except Roeding v. Perasso, 62 Cal. 515, the appeal was from an order granting or refusing a new trial, as well as from the judgment; and it may therefore be inferred that the evidence touching the issues not found was before this court. In the excepted case above mentioned the opinion is per curiam, consisting of but five lines. There the appeal was from the decree rendered in the court below, and from an order refusing to modify it; but whether there was a bill of exceptions or whether the fact that evidence was or was not given upon the issues in question, is not disclosed by the case as reported and does not appear. These cases, therefore, cannot be held to conflict with the cases sustaining the proposition that to enable defendant Maldonado to reverse a judgment against him, upon the ground that no findings were made upon material issues raised by the averment of new matter in the answer, he must show by bill of exceptions or statement that he offered evidence in support of his allegation sufficient, in the absence of countervailing evidence, to justify a finding in his favor upon such issue.

Appellants' contention that there was no finding upon the allegation contained in the answer of the incapacity of one of the plaintiffs, William Newman, and that for that reason the judgment should be reversed, would be disposed of by the foregoing but for the insertion in the record of what purports to be an answer of W. B. Mathews, guardian ad litem, but which, among other imperfections, does not disclose for whom he was appointed such guardian, nor for whom he answered. The objection that this plaintiff was a minor, not appearing upon the face of the complaint, was properly taken by answer; but, like all other defenses of new matter, it is deemed denied, and the burden of proof was therefore upon the defendants, and, in the absence of evidence, the finding, if one were made, must have been against them. Counsel for respondents contends that, as the allegation of infancy was made only as to William Newman, the answer referred to must be presumed to have been that of William Newman. If that presumption may be indulged for any purpose, it must be taken as a confession that he was an infant, as alleged by defendant Maldonado, and if so, a finding that he was an infant might have been made. That, however, would not have aided the appellants so far as the want of a finding upon that point is concerned, since, if it can be considered at all, it must be taken as an admission upon the pleadings, which rendered a finding unnecessary (Swift v. Muygridge, 8 Cal. 445); and in that case appellants would have the full benefit of a finding in their favor by such admission. But I do not think this answer, which does not disclose for whom he was appointed such guardian, and which therefore could not give him authority to bind anyone, can be considered for any purpose; and a finding upon that issue must therefore be held unnecessary upon the authorities and for the reasons hereinbefore stated in reference to the other issues upon which no findings were made. If we were to regard the answer in question as an answer to the cross-complaint, it would not aid appellants, as there was a finding that all the allegations of the cross-complaint were untrue.

Whether the judgment in favor of William Newman be or be not conclusive between the parties is neither considered nor decided. It is sufficient to say that the record dis-

closes no ground upon which, under the authorities heretofore cited, a reversal can be properly based.

Respondent's counsel makes the point in his brief that the appeal in this case should be dismissed, upon the ground that the written waiver of an undertaking on appeal was not filed until the sixth day after the notice of appeal was served. Respondents moved this court to dismiss the appeal upon other grounds, before the submission of the cause on the merits. Good practice would have required the ground now urged for a dismissal to have been presented at that time. The notice of appeal was served February 1, 1890, and the waiver of an undertaking on appeal was filed February 7th. The waiver was not dated, nor is it claimed by counsel for respondents that it was not made before the time expired for filing an undertaking on appeal. Section 940 of the Code of Civil Procedure does not require the waiver to be filed within the five days limited for filing an undertaking on appeal, if it is required to be filed at all. The waiver must be made before the time for filing the undertaking expires (Perkins v. Cooper, 87 Cal. 241, 25 Pac. 411); but there is no intimation in that case, or in any other to which counsel has referred, sustaining his proposition that the stipulation must be filed within that time. I find no case in which this question was directly presented or decided, but the intimations and reasoning of the court in several cases would seem to sustain the construction above given: See Buffendeau v. Edmondson, 24 Cal. 95; Moyle v. Landers, 78 Cal., at page 106, 12 Am. St. Rep. 22, 20 Pac. 241, and Little v. Jacks, 68 Cal. 343, 8 Pac. 856, 9 Pac. 264, and 11 Pac. 128. I think respondents' request to dismiss the appeal must be denied, and that the judgment appealed from should be affirmed, and so advise.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.