[L. A. No. 2043. In Bank.—October 1, 1907.]

WILLIAM NILES, Respondent, v. LILLIAN L. GONZALEZ et al., Appellants.

APPEALS FROM JUDGMENT AND ORDER REFUSING NEW TRIAL—JURISDICTION—WAIVER OF NOTICE OF APPEAL—ADVERSE PARTY.—Upon appeals from a judgment and order refusing a new trial, taken by a part only of the defendants, it is necessary, in order to vest the appellate court with jurisdiction of the appeals, that the notices of the appeals should be served on a non-appealing co-defendant, who was in fact an adverse party, and filed within the time allowed by law for taking such appeals; and the voluntary appearance of such co-defendant in the appellate court and the waiver of the service of any papers in connection with the appeals, or the giving of any undertakings thereon, made after the time to appeal has expired, does not cure the failure to serve and file the notices of appeal, so as to confer jurisdiction of the appeals on the appellate court.

ID.—NEW TRIAL—CO-DEFENDANT NOT APPEALING—WAIVER OF FAILURE
TO FILE UNDERTAKING.—If such non-appealing co-defendant was an
adverse party to an appeal by the other defendants from the order
denying a new trial, the failure to file an undertaking on that
appeal could not be cured by the waiver of such undertaking given
by such co-defendant after the time for appeal had expired.

ID.—SPECIFIC PERFORMANCE—JUDGMENT FOR PLAINTIFF CONDITIONED ON
PAYMENT TO CO-DEFENDANT NOT APPEALING.—In an action by a
vendee for the specific performance of a contract for the sale of
land, brought against the vendor and a subsequent purchaser of
the land who had given a note and mortgage thereon to the vendor
in the sum of six hundred dollars for part of the purchase price,
judgment was rendered declaring that the plaintiff was entitled to
specific performance of the contract against the purchaser and
entitled to receive a deed from her upon payment to her of the
sum of $107.38. It further declared that the vendor was the owner
of the note and mortgage and was entitled to receive from the
plaintiff, and the plaintiff was required to pay the vendor, as a
condition of having such mortgage satisfied of record, the sum of
$578.30. The judgment ordered the plaintiff to pay to the clerk
of the court the sum of $107.38 for the purchaser, and the sum
of $578.30 for the vendor, and after such payments the purchaser
was directed to execute a deed to the plaintiff, and the vendor was
ordered to enter satisfaction of the mortgage. *Held,* on an appeal
taken by the subsequent purchaser from the judgment, that the
vendor was an adverse party, who should have been served with
notice of appeal.

ID.—MOTION FOR NEW TRIAL—ADVERSE PARTY.—A notice of appeal
from an order denying a motion for a new trial need be served
only on the parties who were adverse to the motion in the trial court.

ID.—DISMISSAL OF APPEAL—ADVERSE INTEREST MUST AFFIRMATIVELY
APPEAR.—The burden is upon a respondent moving to dismiss an
appeal from an order denying a motion for a new trial for want
of service of notice of appeal upon an adverse party to show from
the record that the party not served was adverse in interest. And
where the record does not show affirmatively that the party not
served was an adverse party to the motion in the court below, the
appeal will not be dismissed.

MOTION to dismiss appeals from a judgment of the Supe-
rior Court of Los Angeles County and from an order refusing
a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, for Appellants.

Ward Chapman, for Respondent.

SLOSS, J.—The respondent moves to dismiss appeals taken by the defendants Lillian L. and M. G. Gonzalez from the judgment and from an order denying a motion for a new trial.

The principal ground for the motion is that the defendant Jennie R. Tarr is an adverse party on both of said appeals and that no notice of either of the appeals by the defendants Gonzalez was served on said Jennie R. Tarr. On the appeal from the order denying the motion for a new trial the further point is made that no undertaking on appeal has been filed, and that, while the filing of such undertaking has been waived by the plaintiff, it has not been waived by the defendant Jennie R. Tarr. This point, like the one made with reference to the failure to serve notices of appeal, is necessarily based upon the premise that Jennie R. Tarr was an adverse party to the appeal in question.

The judgment was entered on the eighteenth day of September, 1906, and the notice of appeal therefrom was served on the plaintiff and filed on the twenty-seventh day of September, 1906. The order denying the motion for a new trial was made and entered on the twenty-eighth day of December, 1906, and the notice of appeal therefrom served on the plaintiff and filed on the fourteenth day of January, 1907. The notice of the present motion to dismiss these appeals was served on the fourth day of April, 1907. On April 9, 1907, after the service of notice of motion, and prior to the hearing of the motion, the appellants obtained from the defendant Jennie R. Tarr a written stipulation waiving the service of any papers in connection with either of said appeals, waiving the giving of undertakings to perfect said appeals and appearing in the matter of said appeals as fully as if all necessary papers had been duly and properly served upon her.

It is apparent that this purported appearance and waiver can have no effect to cure the failure to serve the notices of appeal upon the co-defendant, if she was in fact an adverse party, and service upon her was necessary to vest this court with jurisdiction of the appeals. The stipulation waiving the service of notices and entering an appearance on behalf of Jennie R. Tarr was made more than six months after the entry of the judgment, and more than sixty days after the making and entry of the order denying a new trial. At the time such stipulation was made, the time for taking an appeal from

either the judgment or the order had expired. In order to vest jurisdiction in the appellate court the notice of appeal must be both served and filed within the time allowed for the taking of the appeal. (*San Francisco etc. Co.* v. *State of California,* 141 Cal. 354, [74 Pac. 1047].) If the notice of appeal has not been served within the time required by law, the appellate court has no jurisdiction of the case. (*Dalzell* v. *Superior Court,* 67 Cal. 453, [7 Pac. 910].) Jurisdiction of the appeal cannot be conferred by a waiver made after the time for taking an appeal has expired. (*Perkins* v. *Cooper,* 87 Cal. 241, [25 Pac. 411].)

And similarly, if Mrs. Tarr was an adverse party to the appeal from the order denying a new trial, the failure to file an undertaking on that appeal could not be cured by the waiver of such undertaking given by Mrs. Tarr after the time for appeal had expired. (*Perkins* v. *Cooper,* 87 Cal. 241, [25 Pac. 411].)

Indeed the appellants do not in their brief place any reliance upon the alleged waiver of service and of the undertaking, but take the position that it was unnecessary to serve notice of appeal upon Mrs. Tarr or to procure her waiver of an undertaking, for the reason that she was not an adverse party to either appeal.

1. The appeal from the judgment. It appears from the record that the plaintiff had entered into a contract with the defendant Jennie R. Tarr by which said Jennie R. Tarr agreed to convey to plaintiff, upon the making of certain payments by him, a lot of land situate in the county of Los Angeles. The complaint alleges the due performance by plaintiff of all of the conditions of the contract; that the defendant Tarr had, before the final payment became due, conveyed the property to Lillian L. Gonzalez, who took with notice of plaintiff's rights. The complaint alleges a tender to said Lillian L. Gonzalez of the balance due under the contract and a demand for a conveyance, which tender and demand were refused. The defendant M. G. Gonzalez is the husband of Lillian L. Gonzalez, and as to him it is alleged that he was in possession of the property claiming an interest therein. The defendants Gonzalez answered, alleging that the defendant Lillian had purchased the property from Mrs. Tarr for its full value, giving in part consideration a note for six hundred

dollars secured by a mortgage of the property, and that such purchase had been made without notice of any rights claimed by any other person. The defendant Tarr answered separately, alleging that the plaintiff had failed to comply with the contract on his part, and that he had forfeited his rights thereunder.

The court found in favor of the plaintiff upon the issue raised as to the performance on his part of the conditions of the contract and found that the defendant Lillian L. Gonzalez had taken with notice of his rights. The decree declared that the plaintiff was entitled to the specific enforcement of his contract against Lillian L. Gonzalez, and was entitled to receive from her a good and sufficient deed of conveyance of the property upon payment to her of the sum of $107.38. It further declared that the defendant Jennie R. Tarr is the owner and holder of the Gonzalez note and mortgage above referred to and that said Jennie R. Tarr is entitled to receive from the plaintiff, and the plaintiff is required to pay to her as a condition to the specific performance of said contract and as a condition to having said mortgage satisfied of record the sum of $578.30. The decree orders the plaintiff to pay to the clerk of the court within ten days the sum of $107.38 for the defendant Lillian L. Gonzalez, and the sum of $578.30 for the defendant Jennie R. Tarr. Within ten days after the payment of said sums, the said Lillian L. Gonzalez is ordered to execute and deliver to plaintiff a deed of the property, and said Jennie R. Tarr is ordered to enter a satisfaction of her mortgage.

We think it is clear that this decree grants Mrs. Tarr certain substantial rights of which she might be deprived upon a reversal, or upon any conceivable modification of the judgment, and that she is therefore an adverse party who should have been served with the notice of appeal.

The case is not distinguishable in principle from *Johnson* v. *Phenix Insurance Co.,* 146 Cal. 571, [80 Pac. 719]. That was an action upon a policy of fire insurance. Part of the insurance money was payable to the mortgagee, who was made a co-defendant. The judgment was in favor of plaintiff against the insurance company, with a provision that the amount of the mortgage was to be discharged out of the judgment. The mortgagee was not served with notice of

appeal, and the appeal was dismissed, it being held that such mortgagee was an adverse party who should have been served. The court said: "The effect of the judgment was to provide for the payment of a debt due to it [the mortgagee] from money recovered by plaintiff from the insurance company, and the reversal of the judgment would be to deprive it of such fund. It is no answer to this to say that the insurance company has in fact no defense against the bank [mortgagee], and that the bank may ultimately recover the money due it by another judgment in this action directly against the insurance company, or that it may collect its debt from the mortgagor. The question is whether the judgment gives it something which will be taken away by a reversal. The judgment which it is here sought to reverse provides for the immediate payment of the money due the bank, from the fund to be collected from the insurance company, and this gives the bank an apparent legal advantage." By the judgment in the case at bar the sum of $578.30 required to be paid by plaintiff as a condition for his obtaining the conveyance sought, is ordered to be paid directly to the defendant Jennie R. Tarr. Here, as in the case just cited, it is no answer to the motion to say that the defendant Tarr held a mortgage upon the property. Nor is it material that this mortgage was for an amount larger than the sum here directed to be paid. Such mortgage was enforceable only by a suit for foreclosure, to which the mortgagor might have a good defense. Or, if there were no defense, it is impossible to say that the property after foreclosure would bring to Mrs Tarr the amount due her, or that she could recover any deficiency from the mortgagor. A cause of action for the foreclosure of a mortgage is not the equivalent of a judgment for the direct payment of money. And as one of the beneficiaries of this judgment she was entitled, if she desired, to urge that this judgment should stand and that she should receive the money directed to be paid to her, rather than be relegated to her action of foreclosure.

2. The appeal from the order denying a new trial stands upon a different ground. It is well settled that the notice of appeal from an order denying a motion for a new trial need be served only on the parties who were adverse to the motion in the court below. (*Watson* v. *Sutro*, 77 Cal. 609, [20 Pac.

88] ; *In re Ryer,* 110 Cal. 556, [42 Pac. 1082] ; *Johnson* v. *Phenix Insurance Co.,* 146 Cal. 571, [80 Pac. 719].) If Mrs. Tarr was not a party to the motion in the superior court, she was not an adverse party upon whom notice of appeal from the order had to be served The record before us fails to show that she was such adverse party. The notice of intention to move for a new trial is not incorporated in the transcript. The statement on motion for new trial is entitled "Statement of defendant Lillian L. Gonzalez on motion for new trial," and states that it is proposed by said defendant as a statement to be used "on motion for new trial." Whether or not the defendant Tarr participated in the proceedings leading up to the settlement of the statement, or gave or received notice of intention to move for a new trial, or, upon the hearing, appeared either in favor of or in opposition to the granting of the motion, is not shown.

All that is contained in the record in addition to the statement is the copy of a minute entry showing the action of the court on the motion. This entry reads, "On this cause defendants' motion for a new trial is denied." In view of the fact that the notice of appeal purports to be given by the defendants Gonzalez, this entry might well be taken to indicate that the motion was made by these defendants. But if we give it the construction suggested by the respondent, namely, that Mrs. Tarr, who was one of the defendants, is included among those whose motion for a new trial is denied, it would appear that she joined with her co-defendants in asking for a new trial and in that view the record would not show that her interests upon that motion were adverse to those of the other defendants. (*Barnhart* v. *Edwards,* 111 Cal. 431, [44 Pac. 160].)

We think the burden is upon a respondent moving to dismiss an appeal for want of service upon an adverse party to show from the record that the party not served was adverse in interest. "Only parties who appear from the record to be adverse need be served." (*Estate of Ryer,* 110 Cal. 556, [42 Pac. 1082] ; *In re Bullard,* 114 Cal. 462, [46 Pac. 297].) Here the record does not show affirmatively that Mrs. Tarr was an adverse party to the action in the court below.

We are not here called upon to decide whether a failure to serve Mrs. Tarr with notice of intention to move for a new

trial in the court below (assuming that she did not join in the motion) would furnish good ground for affirming the order denying a new trial, nor is it necessary here to decide whether in considering such an appeal on its merits this court would presume that notice of intention to move for a new trial had or had not been given to the co-defendant.

The appeal from the judgment is dismissed. The motion to dismiss the appeal from the order denying a new trial is denied.

Shaw, J., McFarland, J., Angellotti, J., and Lorigan, J., concurred.