WILLIAM W. WAKEMAN, WARREN D. GOOKEN, CHARLES DIMON, AND JOHN B. DICKINSON *v.* WILLIAM T. COLEMAN, EDWARD M. ROBINSON, AND HENRY CARLETON, JR.

TRANSCRIPT ON APPEAL FROM ORDER DENYING A NEW TRIAL.—On appeal from an order denying a new trial, the appellant is only required to furnish the appellate Court with copies of the notice of appeal, order appealed from, and of the papers used on the hearing of the motion for new trial in the Court below.

UNDERTAKING ON APPEAL.—The appellant must show that the required undertaking on appeal has been given. The fact may be shown, either by introducing a copy of the undertaking into the transcript, or by stating in the transcript that an undertaking in due form was filed within the time prescribed.

MOTION TO DISMISS AN APPEAL—On motion to dismiss an appeal on the ground that an undertaking on appeal is not shown by the transcript to have been filed, the appellant may suggest a diminution of the record, and obtain an order directing the Clerk of the Court below to certify a copy of the undertaking to the appellate Court.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The transcript in this case contained a copy of the pleadings, findings of fact of the Court below, and its conclusions of law, the notice of motion for new trial, statement, order denying a new trial, and notice of appeal. Defendants recovered judgment in the Court below, and plaintiffs appealed.

*Shafter & Goold*, for Appellants.

*G. F. & W. H. Sharp*, for Respondents.

By the Court, SAWYER, J.

Respondents move to dismiss the appeal on the following

grounds: Firstly—The transcript does not contain a copy of the judgment. The appeal is not from the judgment, but from the order denying a new trial. On appeal from an order, it is only required that the "appellant shall furnish the Court with a copy of the notice of appeal, * * * order appealed from, and a copy of the papers used on the hearing in the Court below." (Practice Act, Sec. 346.) These papers are contained in the transcript. Secondly—It does not appear in the transcript that any undertaking has ever been filed. "As no appeal is effectual for any purpose without an undertaking, the appellant must show affirmatively that the required undertaking has been given." (*Bryan* v. *Berry*, 8 Cal. 134; *Franklin* v. *Reiner*, ib. 340.) The fact may be shown either by introducing a copy of the undertaking into the transcript, or by stating in the transcript that an undertaking in due form was filed within the time prescribed. (Ib.)

The appellant suggested a diminution of the record in this respect, and by way of counter motion asked an order directing the Clerk of the District Court to certify a copy of the undertaking on file to this Court, and since the submission of the motion to dismiss, the appellant has transmitted to this Court a certified copy of an undertaking on appeal in due form.

We think the appellant should be permitted to supply the defect in the record.

Ordered, that the certified copy of the undertaking on appeal transmitted to this Court be filed by the Clerk, and that the motion to dismiss be denied, and that respondents recover the costs of their motion.