54  275
109  606

[No. 6,961.]
## WINDER *v.* HENDRICK.

APPEAL — TRANSCRIPT — CERTIFICATE.— The Clerk's certificate to · the transcript stated that an undertaking on appeal was *properly filed*, omitting the words "*in due form.*"   *Held*, insufficient, and the appeal dismissed without prejudice.

APPEAL from Eighteenth District Court, County of San Diego.

The facts are stated in the opinion.

*Wm. Jeff. Gatewood*, for Respondent.

*Sack & Parker*, for Appellant.

Department No. 1, McKINSTRY, P. J.:

Motion to dismiss appeal from judgment.

1st. The respondent claims that the appeal should be dismissed, because of the failure of appellant to serve and file the printed transcript within the period fixed by the rules of this Court. The time within which the transcript must be served and filed, the penalty for failure to serve and file within such time, and the evidence upon which this Court will enforce the penalty, are all regulated by Rules of Court. The *second rule* requires that the appellant shall file and serve his printed transcript within *forty days* after the appeal is perfected; the *third* provides that if the transcript be not filed within the time prescribed, the appeal may be *dismissed*. The *fourth rule* is as follows:

" On a motion to dismiss an appeal, for a failure to file the transcript within the prescribed time, there shall be presented the certificate of the Clerk below, under the seal of the Court, certifying the amount or character of the judgment or order appealed from, the date of its rendition, the fact and date of the filing of the notice of appeal, together with the fact and date of service thereof on the adverse party, and the character of the evidence by which said service appears, the fact and date of filing the undertaking on appeal, and that the same is in due form ; the fact and time of the settlement of the bill of exceptions and the statement on appeal, if there be any ; and also, that the appellant has received a duly certified transcript, or that he has not requested the Clerk to certify to a correct transcript of the record, or if he has made such request, that he has not paid the fees therefor, if the same have been demanded."

In the case before us, respondent has not presented the certificate of the Clerk, made necessary by rule four.

2nd.   But we think the certificate of the Clerk to the printed matter, asserted to be a transcript of the record, does not comply with the 953rd section of the Code of Civil Procedure.

Section 953 reads :

"The copies provided for in the last three sections must be ·certified to be correct by the Clerk or the attorneys, and must be accompanied with a certificate of the Clerk or attorneys that an undertaking on appeal, in due form, has been properly filed, or a stipulation of the parties waiving an undertaking."

And the Clerk's certificate reads :

" STATE OF CALIFORNIA, County of San Diego, ss.

" I, S. Statler, County Clerk and *ex-officio* Clerk of the Superior Court of San Diego County, State of California, hereby certify that the foregoing is a full, true, and correct transcript of the ' Judgment Roll ' in the case of *W. A. Winder* v. *E. W. Hendrick* (executor of the estate of Myron W. Howe, deceased), and embraces the following papers, to wit: Complaint, Motion to Strike Out, Demurrer to Complaint, Proceedings of the Court, Answer, Verdict, Judgment, and Notice of Appeal.

" I further certify that an ' Undertaking on Appeal ' was

properly filed in my office on the 9th day of December, 1879, in said cause; that said transcript is made out under the direction of plaintiff upon appeal, as the same appears on record, or on file in my office as Clerk of said Court.

"In witness whereof, I have hereunto set my hand and the seal of said Court, this 10th day of January, A. D. 1880.

"  [Seal.]                              S. STATLER, Clerk."

The certificate contains no statement or recital that an undertaking on appeal "in due form" has been properly filed. That the expression "properly filed" is not the equivalent of and was not intended to include "in due form," is apparent from the wording of the section itself, which requires the Clerk to certify to two distinct and separate facts, to wit: that the undertaking is *in due form*, and that it has been *properly filed*. It needs no argument to establish that a paper-writing in form not regular may be "properly filed," or that one in due form may (reference being had to the time of filing, or the officer with whom filed, or other circumstances), be *improperly* filed. In *People* v. *Center*, (No. 6,979) we held that, with respect to all matters connected with our appellate jurisdiction, this Court must treat the Clerks of the Superior Courts as under our direction and control.

If, therefore, the undertaking on appeal was, in the opinion of appellant, in due form, he could have moved this Court that the Clerk below be directed to make the *certificate* accord with the fact. If, upon such direction, the Clerk entertained doubt as to the *form* of the undertaking, it would have been a sufficient compliance on his part with our order to certify up a transcript of the undertaking—such as it was.

In the absence of any certificate by the Clerk that the undertaking is "in due form," or of any copy of the undertaking certified by that officer, we must assume the instrument on file below *not* to be in due form. Neither the *affidavit* of the appellant, nor that of the Clerk himself, can be substituted for the certificate required by § 953 of the Code of Civil Procedure.

The appeal is dismissed, without prejudice to another appeal.

ROSS, J., and McKEE, J., concurred.