[No. 14959.    In Bank. — July 28, 1892.]

## A. FORNI, RESPONDENT, *v.* GEORGE M. YOELL ET AL., APPELLANTS.

APPEAL — UNDERTAKING — NEW-TRIAL ORDER NOT REFERRED TO — DISMIS-
SAL — STIPULATION — ESTOPPEL. — Although, as a general rule, an appeal
from a new-trial order must be dismissed where the undertaking on ap-
peal from the judgment does not refer to the order, and there is no un-
dertaking on appeal from the order, yet where a respondent stipulated
in writing, within sixty days after the overruling of the motion for a new
trial, that the appellant had in due time given and filed a good and suffi-
cient undertaking upon appeal in the cause, he is estopped from claiming,
after the time for appeal has elapsed, that the appeal must be dismissed
because of the failure of the undertaking to refer to the appeal from the
new-trial order.

MOTION in the Supreme Court to dismiss an appeal
from an order of the Superior Court of Santa Clara
County denying a new trial. The facts are stated in the
opinion of the court.

*William L. Gill,* for Appellants.

*F. B. Laine,* and *Jackson Hatch,* for Respondent.

BEATTY, C. J. — The defendants appealed from the
judgment, and from an order denying their motion for
a new trial. The plaintiff moves to dismiss the appeal
from the order, upon the ground that the undertaking on
appeal makes no reference to the appeal therefrom, and
consequently, that so far as the order is concerned, the
appeal is ineffectual for any purpose. (Code Civ. Proc.,
sec. 940.)

It is conceded by the appellant that his undertaking
as filed was in fact defective in the particular specified,
and it is settled by numerous decisions of this court that
in such case the appeal must be dismissed, if the respond-
ent has not waived the defect, or done some act by which
he is estopped to raise the objection. (*People* v. *Center,*
61 Cal. 191; *Corcoran* v. *Desmond,* 71 Cal. 100; *Home and
Loan Ass'n* v. *Wilkins,* 71 Cal. 626; *Berniaud* v. *Beecher,*
74 Cal. 617; *Wood* v. *Pendola,* 77 Cal. 82; *Schurtz* v. *Ro-*

*mer,* 81 Cal. 245; *Crew* v. *Diller,* 86 Cal. 555; *Pacific Paving Co.* v. *Bolton,* 89 Cal. 155.)

But it is contended that the respondent in this case has waived the defect in the undertaking, and is thereby estopped to make the objection upon which his motion is based. The order overruling the motion for a new trial was made and entered December 21, 1891, and some time prior to January 30, 1892, the respondent stipulated in writing, among other things, "that the appellant has in due time given and filed a good and sufficient undertaking on appeal in said cause." This stipulation is contained in the original transcript filed in this court on January 30, 1892, and must, therefore, have been signed on or prior to that date, and before the time for appealing from the order had expired."

This fact distinguishes the present case from *Perkins* v. *Cooper,* 87 Cal. 241. There a similar stipulation was given, but not until the time for appealing from the order had expired, and if the stipulation had been refused, the appellant could not have given a new notice of appeal. But here, if the stipulation had not been given, the defendants had ample time to file and serve a new notice, and it may well be that their reliance on the stipulation prevented them from doing so. Under such circumstances, we think the respondent should not be allowed, after the time for appealing has elapsed, to contradict his former admission.

Motion denied.

DE HAVEN, J., HARRISON, J., GAROUTTE, J., MCFARLAND, J., and SHARPSTEIN, J., concurred.