[L. A. No. 790.   Department One. — March 12, 1901.]

## PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, Respondent, v. JOHN EDGAR, Appellant.

APPEAL — UNDERTAKING — PROPER FILING — CERTIFICATE OF CLERK. — The certificate of the clerk required by the language of section 953 of the Code of Civil Procedure to show "that an undertaking on appeal in due form has been properly filed," though it need not necessarily use that exact language, must either use it, or show the date of the filing of the undertaking on appeal, or give a copy of the undertaking.   It must appear that the undertaking on appeal has been filed, either "properly," or of a date that shows it was in due time.

ID. — INSUFFICIENT CERTIFICATE — ABSENCE OF PROOF OF PROPER FILING — DISMISSAL OF APPEAL. — A certificate of the clerk in the transcript upon appeal, merely certifying "that an undertaking in due form of law is on file in my office," is insufficient to show that an undertaking on appeal was filed, or that it was properly filed, or filed in due time, and where the appellant has not suggested any diminution of the record, nor offered to supply any proof that an undertaking on appeal was filed in due time, the appeal must be dismissed.

MOTION to dismiss an appeal from a judgment of the Superior Court of San Luis Obispo County.    E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellant.

Fox & Gray, for Respondent.

COOPER, C.—Respondent asks that the appeal herein be dismissed because the transcript fails to show that an undertaking on appeal in due form was properly filed.    Respondent's brief was served and filed in September, 1899.    Appellant has not suggested any diminution of the record nor offered to supply any proof as to the filing of an undertaking.    The Code of Civil Procedure provides (sec. 940) that "the appeal is ineffectual for any purpose, unless within five days after service of the notice of appeal an undertaking be filed, or a deposit of money be made, with the clerk as hereinafter provided, or the undertaking be waived by the adverse party in writing."

Sections 950, 951, and 952 provide that copies of the notice of appeal, judgment roll, statement, bill of exceptions, and other papers must be furnished the appellate court, and in section 953 it is provided that the copies so furnished must be certified by the clerk or the attorneys to be correct, "and must be accompanied with a certificate of the clerk or attorneys that an undertaking on appeal in due form has been properly filed, or a stipulation of the parties waiving an undertaking."

The language of the code is unambiguous, and it has been held that the transcript must show that an undertaking has been filed in due time.    (*Franklin* v. *Reiner*, 8 Cal. 340; *Wakeman* v. *Coleman*, 28 Cal. 58; *Railroad Co.* v. *Anderson*, 77 Cal. 297.)

In this case the only reference to any undertaking in the transcript is in the clerk's certificate to the record.    After certifying that the copies of the complaint, demurrer, order overruling demurrer, answer, answer to counterclaim, judgment, bill of exceptions, and notice of appeal are true and correct, the certificate states: "I further certify that an undertaking in due form of law is on file in my office."    This is clearly insufficient.    It does not appear that it refers to an undertaking on appeal, nor that it was properly filed, neither does it show the

date of filing. While we would not, in all cases, require the exact language of the code to be followed in the certificate, yet it must appear that an undertaking on appeal has been properly filed. If the certificate does not so state, it might show the date of filing the undertaking or a copy of the undertaking. It must appear, however, that such an undertaking has been filed, either "properly," or of a date that shows it was in due time.

The appeal should be dismissed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the appeal is dismissed.          Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.