(December 13, 1907.)

VILLAGE OF HAILEY, a Municipal Corporation, Respondent, v. W. T. RILEY, Appellant.

[92 Pac. 756.]

APPEAL—UNDERTAKING—WAIVER—CERTIFICATE OF CLERK TO TRANSCRIPT.

1. Revised Statutes, section 4821, requires that the transcript be accompanied by a certificate of the clerk or attorneys, that an undertaking on appeal in due form has been properly filed, or a stipulation of the parties waiving the same.

2. An affidavit of the parties or of the attorneys cannot be substituted for the certificate of the clerk or attorneys, as required by Revised Statutes, section 4821.

---

Argument for Appellant.

3. Where the record does not show by the certificate of the clerk or attorneys that an undertaking on appeal has been properly filed, and there is no waiver of such undertaking, this court will assume that no undertaking on appeal was filed in due form.

4. If the clerk and attorneys decline to certify that an undertaking has been filed in due form, and there is no waiver of such undertaking, when an undertaking has in fact been filed, a certified copy of the undertaking on appeal may be brought to this court, from which this court will determine the fact whether an undertaking has been filed in due form.

5. Where no undertaking on appeal is filed in the lower court, the requirements of the statute cannot be complied with by filing an undertaking on appeal in this court which is approved by a justice of this court, under Revised Statutes, section 4822.

6. A motion to dismiss an appeal, on the ground that no undertaking on appeal has been given in the district court, is not indefinite or uncertain, as the reason is fully stated in the motion itself.

(Syllabus by the court.)

APPEAL from the District Court of Blaine County. Hon. Lyttleton Price, Judge.

Action to quiet title to an interest or estate in a ditch and laterals. Judgment for plaintiff. Defendant appeals. Motion to dismiss appeal. *Motion sustained.*

Richards & Haga and R. M. Angel, for Appellant.

If jurisdiction is secured through the voluntary appearance of the respondent, it is immaterial to the court whether or not an undertaking has been filed. (2 Ency. of Pl. & Pr. 618, 619, 632; 17 Am. & Eng. Ency. of Law, 1063, 1064.)

A good and sufficient undertaking approved by the justices of the supreme court was filed in this court before the hearing of the motion to dismiss the appeal. (Rev. Stats., secs. 4, 4822; *Hoagland v. Hoagland,* 18 Utah, 304, 54 Pac. 978; *Morse v. Callantine,* 19 Mont. 87, 47 Pac. 635; *Spreckels v. Spreckels,* 114 Cal. 60, 45 Pac. 1022.)

Errors on the part of the officer of the court in filing or failing to file papers as directed are never held to operate against the litigant, and such mistakes and errors are always construed so as to validate the proceedings. (*Zienke v. North-*

*ern Pac. Ry. Co.,* 7 Idaho, 746, 65 Pac. 431; *Hawthorn v. East Portland,* 12 Or. 210, 6 Pac. 685.)

On motion to dismiss appeal, it is the duty of the party to state his ground specifically, and if he fails to do so, the court ought to disregard the motion. (*Jackson v. Barrett,* 12 Idaho, 465, 469, 86 Pac. 270.)

The identical question now under consideration was passed upon by the supreme court of California in *Hewes v. Garville Mfg. Co.,* 62 Cal. 516; *Robinson v. Templar Lodge,* 114 Cal. 41, 45 Pac. 998.

Sullivan & Sullivan and McFadden & Brodhead, for Respondent

The fact that an undertaking was filed in due form and time, or waived, must affirmatively appear from the clerk's certificate to the transcript, or by written admission or waiver of counsel. (2 Spelling on New Trial and Appellate Practice, sec. 545.) A case of this kind is not one of insufficiency, but one of no undertaking. (*Iverson v. Jones* (Cal.), 5 Pac. 626; *Little v. Jacks,* 68 Cal. 343, 8 Pac. 856, 9 Pac. 264, 11 Pac. 128.)

Where defendants have failed to file an undertaking on appeal they cannot perfect the appeal by filing an undertaking in the supreme court. (*Cook v. O. S. L. etc. Ry. Co.,* 7 Utah, 416, 27 Pac. 5; *Pac. Pav. Co. v. Bolton,* 89 Cal. 154, 26 Pac. 650; *Brown v. Hanley,* 3 Idaho, 219, 28 Pac. 425.)

If appellant seeks to show that it was through an error of the clerk that undertaking was not filed at the proper time, he is not entitled to the relief asked; for from the affidavits before this court it is readily seen that if any error was made, it was made through the carelessness of defendant; that he did not use due diligence in having his undertaking filed.

STEWART, J.—The respondent moves to dismiss the appeal in this case upon the ground that no undertaking on appeal has been filed in said cause. Revised Statutes, section 4821, provides that the copies provided for in the last three

sections must be icertified to be correct by the clerk or the attorneys *and must be accompanied with a certificate of the clerk or attorneys that an undertaking on appeal in due form has been properly filed, or a stipulation of the parties waiving an undertaking.* The certificate attached to the transcript in this case is as follows: "It is hereby stipulated by the attorneys for the respondent, that the foregoing transcript contains full, true and correct copies of the judgment-roll, complaint, answer, findings of fact and conclusions of law, judgment, notice of intention to move for a new trial, statement of the case on motion for a new trial, order allowing statement on motion for a new trial, order overruling motion for a new trial, and notice of appeal in the above-entitled cause." This stipulation is signed by the respective counsel for appellant and respondent. So far as the record is concerned, there is no certificate attached to the record by the clerk or the attorneys to the effect that an undertaking on appeal in due form has been properly filed, and no stipulation of the parties waiving the undertaking.

There is filed in this court an affidavit of the clerk of the district court that a bond for costs and damages on appeal was presented to him on the twenty-third day of May, 1906, for the purpose of having Thomas Mizner and Leon Fuld justify as sureties, and that nothing was said about filing the bond; that the clerk knew no better and filed the bond on said day; that the appellant, W. T. Riley, gave no instructions as to the filing of such bond; that on the twenty-fourth day of May, R. M. Angel, one of the attorneys for the defendant, appellant here, came into the clerk's office with a notice of appeal and directed said clerk to file the same, and on the twenty-fifth day of May said Angel suggested to said clerk that the undertaking should be filed after the notice of appeal, and that said clerk suggested that the same be withdrawn and refiled, but that said Angel requested the affiant clerk to change the date of filing said undertaking on appeal, from the twenty-third day of May to the twenty-fourth day of May, and that said clerk erased the figure "3" of the filing date, and then and there inserted the figure

"4," making the same read, "May 24th." Thus it appears from this affidavit that an undertaking on appeal was presented to the clerk on the twenty-third day of May and the filing mark placed thereon, but as it was done without the authority of the appellant or his attorney, the same was afterward changed and refiled on the 24th, and upon these facts counsel for the appellant contend that an undertaking on appeal in said cause was filed.

In the case of *Watson v. Cornell*, 52 Cal. 644, the court says: "The record does not contain a copy of the undertaking on appeal, nor does the certificate of the clerk, so far as it relates to the undertaking on appeal, conform to section 953 of the Code of Civil Procedure" (which is the same as section 4821 of the Revised Statutes of Idaho).

In the case of *Winder v. Hendrick*, 54 Cal. 275, the court says: "In the absence of any certificate by the clerk that the undertaking is 'in due form,' or of any copy of the undertaking certified by that officer, we must assume the instrument on file below *not* to be in due form. Neither the affidavit of the appellant nor that of the clerk himself can be substituted for the certificate required by section 953 of the Code of Civil Procedure."

In the case of *Pacific Mutual Life Ins. Co. v. Edgar*, 132 Cal. 197, 64 Pac. 260, the court says: "That the copies so furnished (referring to the record) must be certified by the clerk or the attorneys to be correct, 'and must be accompanied with a certificate of the clerk or attorneys that an undertaking on appeal in due form has been properly filed, or a stipulation of the parties waiving an undertaking.' The language of the code is unambiguous, and it has been held that the transcript must show that an undertaking has been filed in due time. . . . . After certifying that the copies of the complaint, etc., are true and correct, the certificate states: 'I further certify that an undertaking in due form of law is on file in my office.' This is clearly insufficient. It does not appear that it refers to an undertaking on appeal, nor that it was properly filed, neither does it show the date of filing. While we would not, in all cases, require the exact

language of the code to be followed in the certificate, yet it must appear that an undertaking on appeal has been properly filed. If the certificate does not so state, it might show the date of filing the undertaking or a copy of the undertaking. It must appear, however, that such an undertaking has been filed, either 'properly' or of a date that shows it was in due time.''

The statute requires that the clerk, or attorneys, certify that an undertaking on appeal in due form has been properly filed, or that a stipulation of the parties has been made waiving such undertaking. In this case it does not appear from the record that the clerk or attorneys made such certificate, neither does it appear that the parties waived such undertaking.

Counsel for appellant, however, contend that the respondent has waived the filing of such undertaking by his acts. The judgment was entered February 6, 1906. The order overruling the motion for a new trial was made and filed April 24, 1906. The transcript was filed in this court on July 20, 1906. On July 11, 1906, a stipulation was entered into by the respective counsel, extending the time to file briefs on the part of the appellant to September 1, 1906, and on the part of respondent to November 1, 1906. On August 29, 1906, a further stipulation was entered into by the respective counsel extending the time to file briefs on the part of the appellant to September 15, 1906, and on the part of the respondent to a reasonable time thereafter, or such time as the law would allow. The motion to dismiss the appeal on the ground that no undertaking on appeal had been filed, was served upon the appellant on the twenty-fourth day of October, 1906, noticing said motion for hearing for November 26, 1906.

In the case of *Perkins v. Cooper,* 87 Cal. 241, 25 Pac. 411, the court says: ''In *In re Skerrett,* 80 Cal. 63, 22 Pac. 85, it was held that, in order to entitle certain parties to appeal without filing an undertaking, under section 946 of the Code of Civil Procedure, the order dispensing with the undertaking must be made within the time prescribed by law for filing

the undertaking. So far as the filing of an undertaking is to be waived, it must be done within the time for filing; otherwise, the appeal is lost.''

In the case of *Forni v. Yoell*, 95 Cal. 442, 30 Pac. 578, the court holds that after the time for appeal has expired, a stipulation would not waive a compliance with the statute.

Revised Statutes, section 4808, provides that ''the appeal is ineffectual for any purpose, unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing.'' No undertaking having been given in the district court, and the same not having been waived, the appeal was ineffectual and there was no case in this court at the time the stipulations entered into by counsel were made. If the clerk or attorneys refuse to certify, and the parties refuse to waive the undertaking on appeal, a certified copy of the undertaking may be brought here with all filings and indorsements, and from that record this court could determine whether the law had been complied with in giving and filing the undertaking. A stipulation extending time for filing briefs, entered into after the time for filing the undertaking on appeal has expired, is not a waiver of the filing of said undertaking.

Counsel argues that the motion to dismiss the appeal is indefinite and uncertain, and fails to state the reason for the dismissal. The motion, however, specifies that no undertaking on appeal has been filed. This could not be any more specific. It was notice that no undertaking whatever had been filed, and it is as specific and certain as language could make it.

An undertaking was filed in this court on the twenty-fourth day of November, 1906, and was approved by a justice of this court, and for that reason the appellant argues that the appeal should not be dismissed. Where no undertaking on appeal is given in the trial court, the appeal becomes ineffectual for any purpose, and the fact that an undertaking is given in this court as provided by Revised Statutes, section 4822, does

not waive the provisions of the statute or save the appellant's right, as against a motion to dismiss the appeal upon the ground that no undertaking on appeal was given. The appeal in this case will be dismissed. Costs awarded to respondent.

Ailshie, C. J., concurs.

Sullivan, J., sat at the hearing but did not participate in this decision.