(April 29, 1921.)

## J. J. WILSON, Appellant, v. L. W. PECK, Respondent.

[197 Pac. 1026.]

APPEAL BOND FROM JUSTICE'S OR PROBATE COURT—WHEN SUFFICIENT IN CLAIM AND DELIVERY.

1. Under C. S., sec. 7183, an undertaking in the sum of one hundred dollars is a sufficient undertaking on appeal from a judgment of a justice's or probate court, where a stay of proceedings is not claimed.

2. In an appeal from a judgment of a justice or probate court, if a stay of proceedings be claimed, the undertaking must contain the additional conditions prescribed by C. S., sec. 7183, depending in each case on the character of the action.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Motion to dismiss on the ground that no undertaking on appeal had been filed. Motion sustained and appellant J. J. Wilson appeals. *Reversed and remanded.*

Eustace & Groome, for Appellant.

An undertaking on appeal is not defective where it provides "that appellant will pay all damages and costs which may be awarded against him on the appeal, or a dismissal thereof, not exceeding $100." (C. S., sec. 7183; *Edminston v. Steele,* 12 Ida. 613, 87 Pac. 677.)

Scatterday & Van Duyn and Alfred F. Stone, for Respondent.

The undertaking upon appeal being merely conditioned "that the said appellant will pay all damages and costs which may be awarded against him on the appeal or dismissal thereof," must be held to be fatally defective and void and the appeal was properly dismissed. (*Libby v. Spokane Valley Land & Water Co.,* 15 Ida. 467, 98 Pac. 715.)

LEE, J.—This action was commenced by appellant in the probate court of Canyon county, in claim and delivery, to recover possession of a colt, described in the pleadings, to which appellant claimed ownership and the right to immediate possession. The statutory affidavit and undertaking in claim and delivery were made, and the sheriff took possession under appellant's requisition, but before delivery to him respondent executed a redelivery bond and retained possession of the animal in question. Upon the trial, the probate court gave judgment for the respondent, holding that title and right to possession was in him. Appellant appealed from said judgment to the district court, where, after the first trial, which resulted in a disagreement of the jury, respondent moved to dismiss the appeal on the ground that the court had no jurisdiction to try said cause, because a sufficient undertaking on appeal had not been given as required by law. Before the order to dismiss the appeal was made, counsel for appellant asked leave to file a new and sufficient undertaking, to cover the objections made by respondent. The court refused to permit the filing of a new undertaking, and dismissed the appeal, on the ground that it had no jurisdiction to authorize the filing of a new undertaking after the expiration of thirty days from the rendition of judgment in the probate court, and because the bond filed was void. From the judgment of dismissal this appeal is taken.

Appellant assigns as error the refusal of the court to allow him to file a new undertaking, sustaining the motion to dismiss, and rendering judgment for defendant.

A determination of the question presented by this appeal involves a construction of C. S., sec. 7183 (R. C., sec. 4842.) Counsel for appellant contends that because respondent gave a redelivery bond in the original action and retained possession of the property sought to be recovered by appellant, and the possession of the property never having been obtained by him, the judgment of the probate court was in effect only a money judgment, and, for this reason

the undertaking on appeal to the district court was suffi-
cient. The character of an action in claim and delivery.
does not change by reason of defendant giving a redelivery
bond and retaining possession of the property in contro-
versy. But aside from this consideration, the undertaking
was sufficient as an appeal bond, although it did not stay
the proceedings. The first provision of C. S., sec. 7183,
provides that: "An appeal from a justice's or probate court
is not effectual for any purpose unless an undertaking be
filed with two or more sureties, in the sum of $100, for the
payment of the costs on the appeal." This is equivalent
to saying that the giving of an undertaking with two sure-
ties in the sum of $100 is a sufficient undertaking in any
case on appeal under this section, where a stay of proceed-
ings is not claimed.

The remaining provisions of this section relate to the
additional obligations which must be included in the under-
taking if a stay of proceedings be claimed, and specifies
the provisions that must be inserted in the undertaking if a
stay of proceedings is claimed in the several classes of
actions mentioned; that is, if a stay be claimed in an action
for a money judgment, the undertaking, in addition to the
$100 required to make the appeal effectual, must be in a
sum equal to twice the amount of the judgment, including
costs; where it is for the recovery of specific personal
property, it must be for an additional amount twice the
value of the property, including costs, and conditioned that
the appellant will obey the orders of the court made therein,
if the appeal be withdrawn or dismissed; and where the
judgment directs the delivery of possession of real prop-
erty, if the execution be stayed, the undertaking must pro-
vide that the appellant will not commit or suffer to be
committed any waste thereon, and that appellant will pay
the value of the use and occupation of the premises from
the time of appeal until the delivery of possession, if the
appeal be dismissed or the judgment be affirmed.

Opinion of the Court—Lee, J.

This section, as it appears in the Revised Statutes and also in the Revised Code, is not paragraphed, and "or" is used in the sense of "and." California C. C. P., sec. 978, is substantially the same, and the compilers have paragraphed the section; and in *McConky v. Superior Court*, 56 Cal. 83, it is held that "or" should be read "and." In Compiled Laws of 1919, this section was paragraphed, and the word "or" changed to "and," evidently to clarify its meaning, and this change was followed in C. S., sec. 7183.

This section is somewhat redundant and ambiguous, but upon a comparison of its provisions with Cal. C. C. P., sec. 978, it seems clear that the first clause or paragraph is intended to apply to all cases on appeal from the justice's or probate court, and an undertaking in compliance therewith is sufficient to support the appeal, but not to stay the proceedings; and if a stay be claimed, the undertaking must contain the additional conditions referred to, depending in each case upon the character of the action.

This undertaking being sufficient as an appeal bond, the judgment of the lower court is reversed, and the cause remanded with instructions to set aside the order of dismissal and reinstate the appeal. Costs awarded to appellant.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.