(March 3, 1925.)

W. B. WALL, an Individual, Doing Business Under the Name and Style of W. B. WALL PLUMBING COMPANY, Respondent, v. T. J. WOODS, Appellant.

[234 Pac. 145.]

APPEAL AND ERROR—DISMISSAL—APPEAL BOND—SUFFICIENCY OF.

    If a bond, in form both appeal and *supersedeas*, is in amount over $300 the appeal will not be dismissed.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County.   Hon. Wm. A. Babcock, Judge.

Motion to dismiss appeal.   *Denied.*

Don J. Henry and Harry J. Benoit, for Respondent.

The undertaking required to be given under the provisions of C. S., sec. 7154, has not been waived.

"An undertaking stating that its purpose is to stay execution on appeal and following Rev. Codes, sec. 4810, which provides for undertaking for that purpose, will not be construed to include the three hundred dollar undertaking on appeal as required by Rev. Codes, secs. 4808 and 4809." (*Weiser River Fruit Assn. v. Feltham*, 31 Ida. 633, 175 Pac. 583.)

"A void bond on appeal cannot be amended, and the statute does not so authorize." (*Kelly v. Leachman*, 5 Ida. 521, 51 Pac. 407.)

John E. Davies, for Appellant.

The undertaking filed on June 4, 1923, served both as an "undertaking on appeal" as required by C. S., sec. 7154, and a "*supersedeas,* money judgment," as required by C. S., sec. 7155. (*Meservy v. Idaho Irr. Co.,* 35 Ida. 257, 205 Pac. 559; *Martin v. Wilson,* 24 Ida. 363, 134 Pac. 532.)

If the undertaking was insufficient or defective then the respondent, as provided by C. S., sec. 7154, should have within twenty days after the filing of the undertaking given a notice in writing to the appellant or his attorney specifically pointing out the insufficiency or defects of the undertaking, and if he failed to do so such insufficiencies and defects in any respect shall be deemed waived. (*King v. See-beck,* 20 Ida. 223, 118 Pac. 292.)

GIVENS, J.—Appellant filed a bond in the form of a *supersedeas* and appeal bond but insufficient by $46.25 to be double the amount of the judgment plus $300. Respondent moves to dismiss the appeal on the ground that the bond is void. Appellant argues that since no objection to the amount was made within twenty days of the time the bond was given such objection was waived.

*Meservy v. Idaho Irr. Co.,* 35 Ida. 257, 205 Pac. 559, held that a *supersedeas* and appeal bond might be contained in one instrument and that this did not conflict with *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583, which held that a *supersedeas* bond would not take the place of an appeal bond. In the instant case no point is made that the bond does not conform to both except in amount, and being over $300, it is sufficient as an appeal bond (*Wilson v. Peck,* 33 Ida. 722, 197 Pac. 1026; *Kelley v. Sakai,* 70 Wash. 699, 127 Pac. 107; *Harris v. Higden* (Tex. Civ.), 41 S. W. 412), which holding is not in conflict with *Libby v. Spokane Valley etc. Co.,* 15 Ida. 467, 98 Pac. 715, which stated: "In the case at bar the bond does not contain the language of the statute required in an undertaking on appeal, . . . . "

It is therefore ordered that the motion to dismiss the appeal be denied.

William A. Lee, C. J., Wm. E. Lee and Budge, JJ., concur.