(No. 5319.   December 15, 1928.)

E. B. ROWE, Respondent, v. ALBERT J. HEWLETT, Appellant.

[272 Pac. 1015.]

Peterson, Baum & Clark, for Appellant.

Witty & Anderson, for Respondent.

WM. E. LEE, C. J.—It is sought to dismiss the appeal on the ground that no undertaking for costs required by C. S., sec. 7153 has been filed. Appellant insists that the following is sufficient as such an undertaking:

"Whereas, .... A. J. Hewlett has appealed .... from a judgment .... and

"Whereas, the said A. J. Hewlett desires to give *supersedeas* undertaking on such appeal for the purpose of securing a stay of execution as required and provided by section 7155, Idaho Compiled Statutes;

"Now, therefore, said A. J. Hewlett, as principal, and W. D. Service and L. G. Hewlett, as sureties, do hereby obligate themselves, jointly and severally, to said E. B. Rowe, plaintiff and respondent herein, under and pursuant to the obligations of section 7155, Idaho Compiled Statutes, 1919, in the sum of $2,046.80, the same being double the amount of the judgment herein, plus costs, as provided by section 7155, Idaho Compiled Statutes."

In *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583, this court said that an undertaking in double the amount of the judgment, "stating that its purpose is to stay execution on appeal, and following Revised Codes, sec. 4810," (now C. S., sec. 7155) "which provides for undertaking for that purpose, will not be construed to include the $300 undertaking on appeal required by Revised Codes, secs. 4808 and 4809" (now C. S., secs. 7153 and 7154). In *Meservy v. Idaho Irrigation Co., Ltd.,* 35 Ida. 257, 205 Pac. 559, this court held that an undertaking in double the amount of the judgment appealed from, plus $300, may serve the double purpose of an undertaking on appeal and an undertaking for stay of execution, if it substantially

meets the requirements of both C. S., secs. 7154 and 7155. In *Wall v. Woods,* 40 Ida. 522, 234 Pac. 145, it was held that "if a bond, in form both appeal and *supersedeas,* is in amount over $300, the appeal will not be dismissed." In *Van Sicklin v. Mayfield Land etc. Co.,* 41 Ida. 673, 241 Pac. 1022, it was held, that an undertaking, in the sum of $2,100, the conditions of which were substantially the same as in *Meservy v. Idaho Irrigation Co., Ltd., supra,* was sufficient as an appeal bond, it not being possible to determine the amount of the relief awarded by the decree. As in the case of *Weiser River Fruit Assn. v. Feltham, supra,* here we find an undertaking in exactly double the amount of the judgment, worded as a *supersedeas* bond and plainly intended as such.

To perfect an appeal to this court, among other things, the statute, C. S., sec. 7153, requires the filing of an undertaking, a $300 appeal bond. However, the statute does not require the filing of a *supersedeas* bond to perfect an appeal. It rather permits the filing of a *supersedeas* bond to stay the execution of the judgment. While the undertakings provided by C. S., secs. 7153 and 7155 may be included in one and the same instrument (*Meservy v. Idaho Irrigation Co., Ltd., supra*), their purposes are entirely different.

As stated, the undertaking in question is a *supersedeas.* It is not the appeal bond required by C. S., sec. 7153, and to so hold would overrule the decision in *Weiser River Fruit Assn. v. Feltham, supra,* which we are unwilling to do. It has never been held by this court that an undertaking in the form of a *supersedeas* (C. S., sec. 7155), in double the amount of the judgment, is sufficient as the appeal bond required by C. S., sec. 7153. For the reason, therefore, that the required undertaking for costs on appeal has not been filed, the appeal will be dismissed.

Appeal dismissed.

Budge, Givens and Taylor, JJ., and Hartson, D. J., concur.