272 P.2d 307

### MARINE MART v. KRUGER.

No. 8057.

Supreme Court of Idaho.

June 22, 1954.

Rehearing Denied July 19, 1954.

Robert V. Glasby, Coeur d'Alene, for appellant.

Hawkins & Miller, Coeur d'Alene, for respondent.

GIVENS, Justice.

Appellant, allegedly doing business in Spokane, Washington, sued respondent in the District Court of Kootenai County for debt in three causes of action for a total of $1,157.50. Upon answer, trial without a jury resulted in findings and conclusions of law and judgment June 2, 1953 for only $7.50 and respective costs.

Notice of appeal was filed August 31, 1953. No request for a nonresident appeal bond under Section 12–116, I.C., was made, but September 4, 1953 an undertaking was filed reciting that appellant lived outside the State and respondent had required appellant to give security for costs, obligating the surety—

"* * * to pay such costs and charges as may be awarded against the Plaintiff by judgment, or in the progress of said action, not exceeding the sum of Three Hundred and No/100 Dollars, * * *."

April 26, 1954 respondent moved to dismiss the appeal because no appeal bond had been filed, as required by Sections 13–202 and 13–203, Idaho Code. The affidavit of the clerk of the district court May 21, 1954 avers:

"That on the 1st day of May, 1954, a bond on appeal, conditioned to pay costs, damages or charges which may be awarded to the above named defendant-respondent on appeal of the above entitled matter or upon dismissal thereof, was duly filed."

Appellant contends respondent, not having questioned the bond within twenty days. under Section 13–203, I.C., has waived any insufficiency or defect therein.

Respondent counters that the undertaking was not merely defective or insufficient, but totally void—in effect, no appeal bond at all, and therefore, not subject to amendment or correction and the bond may not be amended, or lack of bond remedied, by the

filing of a good and sufficient undertaking as provided by Section 13–217, Idaho Code.

Section 13–202, Idaho Code, as pertinent, provides:

"* * * The appeal is ineffectual for any purpose unless prior to or at the time of filing the notice of appeal or within five (5) days thereafter, an undertaking be filed, or a deposit of money be made with the clerk, * * *."

█ It has been held so repeatedly it is unnecessary to cite cases, that the filing of this appeal bond is jurisdictional and unless so filed, the appeal must be dismissed.

█ A nonresident cost bond is not an appeal bond and not as closely connected with an appeal as a supersedeas bond. Rowe v. Hewlett, 47 Idaho 103, 272 P. 1015, following with approval Weiser River Fruit Ass'n v. Feltham, 31 Idaho 633, 175 P. 583, held the filing of a supersedeas bond could not be considered as an appeal bond and the appeal was dismissed.

█ Appellant urges it is apparent it intended to file an appeal bond and, therefore, Walker Bank & Trust Co. v. Steely, 54 Idaho 591, at page 600, 34 P.2d 56, authorizes and permits the amendment of the bond so as to save the appeal. Even if we follow such thought, there was no compliance by appellant with Section 13–217, I.C., which is clear, plain and explicit. It is true there is a certificate of the clerk of the district court that after the motion to dismiss was made, a purported, corrected appeal bond was filed in the district court and appellant has asked that a Justice of this Court order the clerk to send that bond to this Court. This is not a compliance with Section 13–217, Idaho Code, and no reason is given by appellant why such circuitous procedure, unauthorized by statute or rule, should be followed in the face of the clear, plain and explicit terms of the statute. Furthermore, the nonresident cost bond is not an appeal bond and is, therefore, as to an appeal, void and it has been held that a void bond may not be amended, under Section 13–217, I.C. Motherwell v. Taylor, 2 Idaho, Hasb., 148, 9 P. 417; Kelly v. Leachman, 5 Idaho 521, 51 P. 407; Village of Hailey v. Riley, 13 Idaho 749, 92 P. 756.

The motion to dismiss is, therefore, granted and the appeal is dismissed.

It does not appear that respondent has incurred any costs; therefore, no costs are allowed.

PORTER, C. J., and TAYLOR, THOMAS, and KEETON, JJ., concur.