[Department One. — May 11, 1883.]

# D. BIAGI, RESPONDENT, v. JOHN HOWES ET AL., APPELLANTS.

APPEAL — DISMISSAL OF — UNDERTAKING. — The defendants appealed from an order dismissing a motion for a new trial by serving and filing a notice and giving the undertaking required by section 941 of the Code of Civil Procedure. Subsequently they served and filed a notice of appeal from the judgment and filed the undertaking required by section 942 of that Code. The plaintiff moved to dismiss the appeal from the judgment, because the undertaking required by section 941 had not been given. *Held,* 1. That the appeal from the judgment is ineffectual for want of the undertaking required by section 941 — the undertaking on appeal from the order dismissing the motion for a new trial being inapplicable to the appeal from the judgment. 2. That the attempted appeal from the judgment failing, there is no such appeal pending, and the motion to dismiss must be denied on that ground, this course being regarded as the better practice in such a case.

MOTION to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco.

*Henry E. Highton,* for Appellants.

*P. B. Nagle,* for Respondent.

PER CURIAM. — Respondent moves to dismiss the appeal from the judgment.

Judgment was rendered and entered in the court below in favor of plaintiff March 28, 1882. On the 2d June following, defendant's motion for a new trial was dismissed by the Superior Court. On the 17th of the same month defendant filed and served a notice of appeal from the order dismissing his motion for a new trial, and on the same day filed an undertaking on appeal, as required by section 941 of the Code of Civil Procedure.

July 12, 1882, defendant served and filed a notice of appeal from the judgment, and on the same day filed the undertaking provided for in section 942 of the Code.

Here was an attempt to take two separate and distinct appeals at different dates. The question is, could defendant, after having perfected an appeal from the order dismissing the motion for a new trial — assuming the order to be appealable — give this court jurisdiction of an appeal from the judgment by subsequently filing and serving a notice of appeal therefrom with-

out giving the undertaking required by section 941. Section 940 of the Code of Civil Procedure declares "the appeal is ineffectual for any purpose unless within five days after service of the notice of appeal" the undertaking required by section 941 be filed. In the case before us no such undertaking was filed within five days after service of the notice of appeal from the judgment. The undertaking filed within five days after service of notice of the appeal from the order does not refer to and cannot be made applicable to the subsequent and independent notice of appeal from the judgment.

This is not the case of a single notice of appeal from a judgment and order denying a new trial, followed, within the time limited, by an undertaking for costs and damages in this court.

We cannot consider the notice of appeal from the judgment as of any avail, and inasmuch as no appeal from the judgment is pending, the motion to dismiss is denied. (*Reed* v. *Kimball*, 52 Cal. 325.)

The practice with respect to such attempted appeals has not been uniform. Sometimes they have been "dismissed." But as such dismissals should be without prejudice, the form of the order is not very material. We consider it better practice, however, simply to refuse to hear the party who claims to have appealed, without having appealed in fact.

The motion is denied.