[No. 11206. In Bank. — March 17, 1887.]

B. C. DUFFY, RESPONDENT, *v.* BERTHOLD GREENEBAUM ET AL., APPELLANTS.

APPEAL — UNDERTAKING ON — UNDERTAKING TO STAY EXECUTION CANNOT BE TREATED AS. — On an appeal from a judgment awarding an injunction and for costs and damages, an undertaking in the form of and purporting to be an undertaking to stay execution, as provided in section 942 of the Code of Civil Procedure, will not be considered as the undertaking on appeal required by sections 940 and 941 of the Code.

ID. — FAILURE TO FILE UNDERTAKING — SUPREME COURT CANNOT REMEDY. — Where no undertaking on appeal has been filed within the time required by law, the Supreme Court has no power, under section 954 of the Code of Civil Procedure, to allow one to be filed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing to vacate the same, and from an order refusing a new trial.

The action was brought to enjoin the defendants from operating certain machinery situated in part of a building leased from the plaintiff, in such a manner as to

annoy the latter. Judgment was rendered in favor of the plaintiff as prayed for, together with damages and costs, amounting to $457. The defendants, having given notice of appeal, filed an undertaking, which, after reciting the judgment and orders appealed from, proceeded as follows: "And whereas, the appellants are desirous of staying the execution of said judgment so appealed from: now, therefore, in consideration of the premises and of said appeal, we, the undersigned, Alfred Greenebaum and Richard Faraday, do acknowledge ourselves jointly and severally bound in the sum of $915, being double the amount named in said judgment, and do jointly and severally undertake and promise, on the part of the appellants, that if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellants will pay the amount directed to be paid by said judgment, or the part of such amount as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against. said appellants upon the appeal, and that if the appellants do not make such payment within thirty days after the filing of the *remittitur* from the Supreme Court in the court from which the appeal is taken, judgment may be entered on motion of the respondent, in his favor, against the undersigned sureties, for such amount as to which said judgment may be affirmed, together with the interest that may be due thereon, and the damages and costs which may be awarded against the said appellants upon the said appeal."

The respondent subsequently moved to dismiss the appeal on the ground that no undertaking on appeal, as required by sections 940 and 941 of the Code of Civil Procedure, had been given. The further facts are stated in the opinion of the court.

*D. L. Smoot,* and *Charles Creighton,* for Appellants.

*O'Brien & Morrison,* for Respondent.

THORNTON, J. — Motion to dismiss appeal.

The opinion in Department Two is correct, and will stand as the opinion of the court.

We add, the requisition of an undertaking on appeal (of three hundred dollars) is clear and distinct (Code Civ. Proc., secs. 940, 941), and without this undertaking, it is declared "the appeal is ineffectual for any purpose." (Sec. 940.) The undertaking to stay execution is also prescribed and its requisites distinctly declared. (Code Civ. Proc., sec. 942.) It so happens that by the requirement of the statute (section last cited) the provisions of the undertaking on appeal are also, with other terms, to be inserted in the undertaking for a stay of execution. But the former is required for one purpose and the latter for a different purpose. It cannot be denied that the legislature had the power to enact the statute in the form which it bears. Now, when an undertaking is required to render an appeal effectual for any purpose, how can the contention be sound that since an undertaking prescribed for another purpose, i. e., for a stay, contains in it the same terms and conditions with others, as are to be inserted in an undertaking on appeal, that therefore the stay undertaking is sufficient for both purposes? The statute is one, and its various sections must be construed together, and it would be a singular conclusion that the legislature intended that an undertaking required for a declared purpose should operate to accomplish a different purpose, and that when it is expressly declared that it shall have no such effect. That would be to deduce of a declared intention a different intention, by implication that the legislature, when it declared one thing, meant another and different one. We cannot declare of a statute making in words an express declaration of its intent a different intent. When an intent is declared, there can be no implication of a different intent. "The express mention of one thing

implies the exclusion of another." (Brown's Leg. Max. *626, 6th Am. ed.)

In this case there is no undertaking on appeal, and the section of the Code (Code Civ. Proc., sec. 954) allowing an undertaking to be filed on the insufficiency of the undertaking filed has no application. (*Biagi* v. *Howes,* 63 Cal. 384.)

Motion to file an undertaking on appeal denied and the appeal is dismissed.

So ordered.

TEMPLE, J., SHARPSTEIN, J., and PATERSON, J., concurred.

McFARLAND, J., dissenting. — I dissent. The undertaking provided for in section 942 has all the conditions of an undertaking on appeal, and when given, in my opinion, renders the undertaking mentioned in section 941 unnecessary.

The following is the opinion of Department Two above referred to, rendered on the 6th of November, 1886: —

The COURT. — Motion to dismiss an appeal. There is no three-hundred-dollar undertaking on appeal, as required by sections 940 and 941, Code of Civil Procedure. The undertaking closely follows section 942, Code of Civil Procedure, which prescribes the requisites of the undertaking to stay execution. We are therefore of opinion that the undertaking must be construed to be given for the purpose stated in the undertaking; that is, to stay execution. We cannot construe it to include the three-hundred-dollar undertaking on appeal. Motion granted.