HILL, Respondent, v. CASSIDY, Appellant.

[No. 1307.]

[Submitted April 11, 1900.  Decided April 16, 1900.]

*Appeal—Undertaking on Appeal—Insufficiency—Dismissal of Appeal—New Bond—Failure to File—Excusable Neglect—Mechanics' Liens—Attorney's Fees.*

1.  Code of Civil Procedure, Section 1725, declares that an undertaking on appeal shall be to the effect that appellant shall pay all damages and costs awarded against him on the appeal, or a dismissal thereof; Section 1726 requires a distinct undertaking to secure a stay of execution pending appeal; and Section 1731 authorizes the two undertakings to be executed in the same instrument, at appellant's option. *Held*, that where appellant's undertaking on appeal omitted the alternative condition for a dismissal of the appeal, it was insufficient, and the defect could not be cured by inserting such provision in that part of the undertaking providing for a stay of execution.

2.  Code of Civil Procedure, Section 1740, declares that no appeal shall be dismissed for insufficiency of the undertaking, if a sufficient undertaking, approved by a justice of the supreme court, be filed before the hearing of the motion to dismiss. *Held*, that where appellant failed to file a new undertaking, she could not prevent a dismissal of the appeal on the ground of excusable neglect, on her affidavit that she had no

notice of the motion to dismiss the appeal, and that of her attorney that he notified appellant's husband that she should procure a new undertaking, and, because of the husband's promise to inform her, the attorney made no further effort in the matter.

3.   Though counsel for respondent on dismissal of an appeal of a suit to foreclose a mechanic's lien is entitled to a reasonable fee for his services in the appellate court by Code of Civil Procedure, Section 1863, such fees must be fixed and allowed by the district court on the return of remittitur.

*Appeal from District Court, Silver Bow County.*

ACTION by James G. Hill against Charlotte Cassidy. Judgment for plaintiff. Defendant appeals. Dismissed. Motion for rehearing. Motion denied.

*Messrs. Harney & Merritt,* for Appellant.

*Mr. J. E. Healy,* for Respondent.

PER CURIAM.   1.   On March 27th of this year, on motion of the respondent, an order was made dismissing the appeal herein because of the insufficiency of the undertaking. We are now asked to grant a rehearing upon this motion, on two grounds:   (1) That the undertaking is sufficient under the statute,—a fact, the appellant insists, the Court overlooked, by failing to consider all the conditions of the instrument; and (2) that the failure on the part of the appellant to tender and file a sufficient undertaking before the motion to dismiss was submitted was due to excusable neglect.

The undertaking, a copy of which was presented with the motion to dismiss, is as follows:

"Whereas, Charlotte Cassidy, one of the defendants in the above-entitled action, hereby appeals to the Supreme Court of the state of Montana from a judgment made and entered against her in said action, in the above-entitled court, in favor of the plaintiff therein, on the 18th day of June, 1898, for thirty-seven and thirty one-hundredths ($37.30) dollars, for fifty ($50.00) dollars attorney fee, and for fourteen and ten one-hundredths ($14.10) dollars:   Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, freeholders of the said county of Silver Bow, state of Montana, do hereby jointly and severally undertake and prom-

ise, on the part of the appellant, that the said appellant will pay all damages and costs which may be awarded against her on the appeal, not exceeding three hundred ($300.00) dollars, to which amount we acknowledge ourselves jointly and severally bound. And whereas, the appellant is desirous of staying the execution of said judgment so appealed from, we do further, in consideration thereof and of the premises, jointly and severally undertake and promise, and do acknowledge ourselves jointly and severally bound in the further sum of two hundred and three ($203.00) dollars, being double the amount named in said judgment, that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant shall pay the amount directed to be paid thereby, or the part of such amount as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which shall be awarded against the appellant upon the appeal, and that, if the appellant does not make such payment within thirty days after the filing of this remittitur from the Supreme Court in the court from which the appeal is taken, judgment may be entered, on motion of respondent, in his favor, against the said sureties, for such amount, together with the interest that may be due thereon, and the damages and costs that may be awarded against the appellant upon the appeal therein."

Section 1725 of the Code of Civil Procedure prescribes the requirements of an undertaking on appeal, and Section 1724 declares that "the appeal is ineffectual for any purpose" unless these requirements are observed. Section 1726 provides for another distinct undertaking in order to secure a stay of execution pending the appeal. The two undertakings "may be in one instrument or several, at the option of the appellant." (*Id.* Sec. 1731.) It will be observed that the appellant herein has attempted to avail herself of the provision of this latter section by including both undertakings in the same instrument. In that part of the instrument intended to secure the appeal, the alternative condition, "or on a dismissal thereof," is omitted. It is conceded that, if this part of the instrument

stood alone, it would be insufficient to secure the appeal; but it is argued that, inasmuch as the latter part of the instrument contains this omitted condition and all the other conditions necessary to be contained in the undertaking on appeal, this defect in the former part of the instrument is cured. We do not think this argument well founded. One undertaking in the sum of $300 is required to secure the appeal. The other must be in double the amount of the judgment in order to stay the execution. The fact that the legislature has prescribed that the latter shall contain all the conditions required to be contained in the former is no valid reason why the appellant should be excused from securing the appeal as the statute provides. The former has one purpose in view, viz: to secure the appeal; and this purpose is not accomplished unless it meets all prescribed requirements. The latter must contain all the necessary conditions, or the stay will not be effectuated. Standing as seperate instruments, each must be judged by its own terms. The conditions of one cannot be considered as the conditions of the other. The incorporation of both in the same instrument does not render their purposes any less diverse, nor does it make one a part of the other, either by way of addition to, or qualification of, its terms. To hold otherwise would be to say that the "legislature intended that an undertaking required for a declared purpose should operate to accomplish a different purpose,—and that, when it is expressly declared that it shall have no such effect." (*Duffy* v. *Greenebaum*, 72 Cal. 157, 12 Pac. 74, 13 Pac. 323.) Sections 1725 and 1726, *supra*, are identical with Sections 941 and 942 of the Code of Civil Procedure of California. In construing these sections the supreme court of that state, in the case cited, expressly holds that a compliance with Section 942 is in no sense a compliance with the requirements of Section 941, so as to secure an appeal where the undertaking required by the latter has not been given. In the later case of *Duncan* v. *Times-Mirror Co.*, 109 Cal. 602, 42 Pac. 147, decided after the adoption of our Code in 1895, an undertaking identical with the one under consideration was held to be in-

sufficient, for the reasons already stated; the court citing with approval *Duffy* v. *Greenebaum*, *supra*. Other reasons are also stated, by way of argument and illustration, as explanatory of these provisions of the Code; but, whatever may be the purpose had in view by the legislature in enacting them, they are clear and explicit in their requirements, and must be observed.

2. Section 1740 of the Code of Civil Procedure provides that "no appeal can be dismissed for insufficiency of the undertaking thereon, if a good and sufficient undertaking, approved by a justice of the supreme court, be filed in the supreme court before the hearing upon the motion to dismiss the appeal." Construing this section, the Supreme Court of California (*Duncan* v. *Times-Mirror Co.*, *supra*) holds it to be a limitation upon the discretion of the court, denying it the authority to permit an amended undertaking to be filed after the motion to dismiss the appeal has been submitted. Judged by this construction of the statute, the appellant cannot now be heard to say that her failure to tender a sufficient undertaking before or at the hearing of the original motion was excusable neglect, no matter how strong her showing may be. The record contains the proof of notice to her attorney, and under the rule of this Court she was allowed ten days in which to comply with the statute, or to ask for sufficient time to enable her to do so. Reserving a decision of this question, however, and assuming for the purpose of this motion that this Court has the power, notwithstanding the provision of the statute, to grant relief upon a meritorious showing, the showing made by appellant has no merit whatever. She has filed an affidavit stating that she had no notice of the motion to dismiss her appeal. Her attorney has also filed an affidavit in which he states that, after he received notice of the motion, he notified the husband of the appellant that she should procure a new undertaking, and that, as the husband promised to inform the appellant, affiant made no further effort in the matter whatever. No undertaking is tendered with the present motion. The showing reveals inexcusable neglect.

Counsel for respondent, in his motion to dismiss the appeal, asked that this Court allow him a reasonable attorney's fee for his services in connection with the appeal, basing his claim upon Section 1863 of the Code of Civil Procedure.    He now insists that the order of dismissal be amended so as to include such fee.    This suit being one to foreclose a mechanic's lien, counsel may be entitled to a reasonable fee for his services in this Court, but it must be fixed and allowed by the district court upon the return of *remittitur* from this Court.    (*Schallert, etc. Lumber Co.* v. *Neal,* 94 Cal. 192, 29 Pac. 622; *Williams* v. *Gaston* (Cal.), 60 Pac. 427.)

The motion fcr rehearing is denied.                    *Denied.*