IN RE KAPPLER'S ESTATE; SCHWAB, APPELLANT, *v.* KAPPLER ET AL., RESPONDENTS.

(No. 2,616.)

(Submitted February 20, 1909. Decided March 6, 1909.)

[100 Pac. 228.]

*Undertakings on Appeal—Insufficiency—Ambiguity—Dismissal.*

Undertakings on Appeal—Nugatory—Meaningless Terms.

1. An undertaking in support of appeals from three orders made in a probate proceeding, which recited that the appellant would pay all damages and costs, etc., not exceeding the sum of $300, "otherwise

the obligation to become null and void; otherwise to remain in full force and effect," was rendered nugatory because made meaningless by the insertion of the term "otherwise" in the two clauses quoted.

Same—Insufficiency—Several Appeals.

2.   The above undertaking was also objectionable because insufficient, the statute requiring an undertaking in the sum of $300 to effectuate each appeal, except where appeals are taken from a final judgment and a new trial order at the same time, in which case one undertaking in the penal sum of $300 is sufficient.

Same—Insufficiency—Reference to Penalty.

3.   While only one undertaking need be filed in support of any number of appeals taken at the same time (Revised Codes, sec. 7107), the penalty in all cases, except on appeals from a final judgment and a new trial order, must be sufficient in amount to support all of them, and the different appeals must be referred to in such a way that the penalty may be properly apportioned, otherwise the undertaking will be insufficient for ambiguity. ·

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

PROCEEDINGS for settlement of the estate of Lorenz Kappler. Maria Magdalena Kappler and others petitioned for the appointment of Joseph Milch as administrator with the will annexed, and Samuel Schwab, public administrator, petitioned for the issuance of letters to himself.   From orders denying the application of Schwab, issuing letters to Milch, and formally appointing him upon the filing of his bond, Schwab appeals.   Dismissed.

*Messrs. Geier & Working*, for Appellant.

*Mr. C. A. Spaulding*, for Respondents.   ·

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On June 5, 1901, Lorenz Kappler died in Lewis and Clark county, leaving a last will and testament, under the terms of which his entire estate was devised to his wife, Rosalie Kappler, for life, with remainder in equal shares to the children of his brothers and a sister mentioned by name.   Rosalie Kappler was named as executrix.   The will was duly presented for, and admitted to, probate by the district court of Lewis and Clark county, and on July 14, 1902, the property disposed of thereby

was distributed to Rosalie Kappler. On April 22, 1908, Rosalie Kappler died. Deeming it necessary to a proper distribution of the remainder of the estate that an administrator with the will annexed should be appointed, Maria Magdalena Kappler and others, the children of the brothers and sister named in the will, residents of the Grand Duchy of Baden, Germany, on June 25, 1908, presented their petition to the district court of Lewis and Clark county, asking that one Joseph Milch, a resident of the county, be appointed such administrator. On July 6, and before disposition had been made of this application, Samuel Schwab, the public administrator, presented his petition, asking that letters of administration with the will annexed be issued to him, claiming the right to preference over the legatees named in the will by virtue of the fact that they were nonresidents of the state of Montana. To the granting of this application the Kappler legatees made opposition by written objection, alleging and claiming that the person designated by them was entitled to the appointment over the public administrator. Such proceedings were thereafter had that both applications were heard on July 25. Thereafter, on August 1, the court entered an order denying the application of Schwab, and also an order granting letters to Milch. These were entered separately in the minutes of the court. On August 3, Milch having filed the bond required by the order of August 1, the formal order of appointment was made. Thereupon Schwab appealed from each of the orders of August 1, and also the order of August 3. When the transcript was filed in this court, the legatees moved for a dismissal of the appeals on the ground that the appellant had failed to file with the clerk of the district court an undertaking such as is required by the statute to effectuate his appeals. Before the motion was submitted, the appellant filed a new undertaking, after approval by the chief justice. Decision upon the motion was then deferred until final hearing. The specific objection to the original undertaking is that it is void, in that by its terms the surety is not bound to indemnify the respondents in any amount. At the hearing this objection was urged, with

the additional objection, which applies also to the new undertaking, that there are three appeals and that the penalty of $300, fixed in each of the undertakings, is not sufficient.

The original undertaking recites that the appellant "will pay all damages and costs which may be awarded against him on said appeals or any one of them or either of them, or on a dismissal of any one or either of them, not exceeding the sum of $300, otherwise this obligation to become null and void; otherwise to remain in full force and effect." The last two clauses render this instrument nugatory as an indemnity for costs in any amount, because in whatever sense the term "otherwise" is used the instrument is meaningless. But, passing this defect by, the penalty is insufficient, and the instrument is abortive on that ground. The statute requires an undertaking in the sum of $300 to effectuate each appeal, and unless this requirement is met, or the undertaking is waived, or a deposit is made to take its place, the appeal is ineffective. (Revised Codes, secs. 7100, 7101.) These provisions have frequently been considered by this court, and to support the conclusions stated it is only necessary to refer to some of the cases in which they have been construed and applied. (*Creek* v. *Bozeman W. W. Co.,* 22 Mont. 327, 56 Pac. 362; *Murphy* v. *Northern Pac. Ry. Co.,* 22 Mont. 577, 57 Pac. 278; *Grage* v. *Paulson,* 23 Mont. 337, 59 Pac. 1; *Washoe Copper Co.* v. *Hickey,* 23 Mont. 319, 58 Pac. 866.)

It may well be said that the order of August 1, granting letters to Milch, and the formal order of appointment made on August 3, are one and the same order, and hence that there are in fact but two appeals. This concession does not help the matter, however, for the references in the undertaking are to the appeals generally, and, under the rule stated in the cases cited, it is void for ambiguity on this ground. Nor are the appeals preserved by the new undertaking filed, since its purpose and effect was to obviate the defect in the original undertaking occasioned by the two clauses in the paragraph quoted above. The amount of the penalty named in it is the same,

and the references to the appeals are couched in the same terms. As pointed out in the cases cited, the only exception to the rule stated is in case of appeals from a final judgment and an order granting or denying a new trial taken at the same time. In such cases one undertaking in the penalty of $300 is sufficient. (Revised Codes, sec. 7107.) In addition to the cases cited above, see, also, *Hill* v. *Cassidy*, 24 Mont. 108, 60 Pac. 811; *Nolan* v. *Montana Central R. Co.*, 24 Mont. 327, 61 Pac. 880; *Baker* v. *Butte City Water Co.*, 24 Mont. 113, 60 Pac. 817; *Pirrie* v. *Moule*, 33 Mont. 1, 81 Pac. 390.

Whatever may be the number of appeals taken at the same time, only one undertaking need be filed (Revised Codes, sec. 7107), but the penalty in all cases, with the exception mentioned above, must be sufficient in amount to support all of them, and the references must be so made to each of them that the penalty may be properly apportioned.

The appeals are dismissed.

*Dismissed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.