## HERNÁNDEZ v. BLANCO ET AL.

### APPEAL from the District Court of Mayagüez.

No. 664.—Decided May 5, 1911.

COSTS—CONTINUANCE OF TRIAL—UNAPPEALABLE ORDERS.—The taxation of costs requisite to granting the continuance of the trial of a case rests in the discretional power which section 335 of the Code of Civil Procedure confers upon the courts, and under the law an appeal does not lie from an order taxing such costs. Said costs are not included in the act of March 12, 1908, relative to costs and which refers only to those accruing from the final determination of an action.

ID.—VOLUNTARY DISMISSAL OF COMPLAINT—ENTRY OF JUDGMENT OF VOLUNTARY DISMISSAL—FINAL JUDGMENT.—Where an action is voluntarily dismissed by the plaintiff, and an order is made by the court dismissing the plaintiff's action with costs taxed against him, such an order is not final and does not terminate the matter before a judgment has been entered; and until this requisite has been complied with a court has no power to tax the costs.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

*Mr. José Benet* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff and appellant brought a suit against the defendants in the District Court of Mayagüez seeking to cancel a mortgage deed for $2,000.

The trial having been set for August 13, 1910, the plaintiff moved the court for a continuance thereof, to which motion the defendants objected, praying that in case the same was sustained the plaintiff be obliged to deposit the amount of the expenses incurred by them. On the same day the court made an order granting the continuance and decreeing that the plaintiff pay to the defendants the costs they had incurred.

Consequently, 10 days later the defendants filed a memorandum of said costs amounting to $37.70. The same having been objected to by the plaintiff, the court, after hearing both parties, decided on August 31, 1910, to approve said memorandum in the sum of $7.70 only. From this order, and in connection with such appeal as in due time may lie

from the final judgment, as stated in his notice of September 2 following, the plaintiff took an appeal to this court.

Later, the plaintiff dismissed his action, and, on November 25 of the same year, the court rendered a judgment of dismissal against him, with costs. There is nothing in the transcript of the record showing that a judgment of dismissal had been either rendered or entered.

Four days after the above order was rendered, the defendants presented another memorandum of costs amounting to $85, which amount did not include the $7.70 previously allowed.

An objection was also entered by plaintiff against this other memorandum, and the matter having been submitted to the court by the parties, an order was made on December 12 by which the memorandum was revised so that the amount to be paid by plaintiff was only $76.15.

On December 15 last an appeal was also taken by plaintiff from this last order.

On February 1 of this year, in the same transcript of records, under the same statement of facts, and dealt with in the same assignment of errors, both appeals were brought jointly to this Supreme Court.

It is evident from the foregoing statements that two distinct appeals are involved herein, one from the order of August 31 and another from the order of December 12, 1910.

The first order relative to costs is a consequence of the discretional power which section 335 of the Code of Civil Procedure confers upon the courts to impose conditions for the continuance of trials under such terms as they may deem just, and therefore the costs or reimbursements allowed on that ground are not the costs referred to in the law of March 12, 1908, to amend sections 327 and 339 of the Code of Civil Procedure, which costs arise when the matter is settled by a final judgment or decision terminating the action, this being the imposition of costs from which said statute allows an appeal.

It was within the power of the court to fix whatever amount it deemed just and proper as a condition for the continuance of the trial, and to direct that its payment be made lest it should proceed with said trial. From this decision an appeal does not lie because the law does not allow such an appeal.

As regards the second appeal, we find that it was taken from the order of the court below taxing costs against plaintiff for having dismissed his action, though the right to receive costs and to have them fixed by the court must be based on the final determination of the case.

It is true that an order was made dismissing the case with costs on motion of the plaintiff, but that order is not final and does not dispose of the case before a judgment is entered, as required by section 192 of the Code of Civil Procedure, which section is comprised in Chapter I, Title IX, and deals with such judgments as held in *Page* v. *Page,* 77 Cal., 83.

Moreover, this court has repeatedly held that until a final judgment has been entered a matter is not terminated. (See *La Compañía de los Ferrocarriles de Puerto Rico et al.* v. *La Línea Férrea del Oeste et al.,* 8 P. R., 408; *Otero* v. *Estate of Monroig,* 15 P. R., 122; *Cintrón* v. *Figueroa,* 13 P. R., 323.)

The act of March 12, 1908, to amend sections 327 and 339 of the Code of Civil Procedure, provides the procedure for determining the costs after final judgment, but since there has been no final judgment in this case the court was not authorized to tax costs under that statute, and therefore committed error.

For the foregoing reasons the appeal from the order of August 31, 1910, should be dismissed, and the appeal from the order of December 12 of last year must be sustained and the order appealed from, reversed.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.