[Civ. No. 970. First Appellate District.—May 27, 1912.]

FRED NELSON, Appellant, v. H. SUMIDA and K. SUMIDA, Respondents.

SALE OF MALAGA ROOTED VINES—ACTION FOR ALLEGED BREACH OF WARRANTY—ISSUES RAISED BY ANSWER—CONSISTENCY OF FINDINGS.— In an action for damages for alleged breach of warranty in the sale of forty-seven thousand Malaga rooted vines, that they should be vines of that description true to name, and of no other variety, where defendant's answer denied the warranty alleged, and averred that the vines sold were in fact Malaga rooted vines and

true to name, but alleged that the only warranty made was that the vines should all come from "Turner's vineyard," kept by defendants, and the court found in accordance with the denials and averments of the answer, it is held that there is no inconsistency in the findings.

Id.—Theory of Consistency of Findings Construed With Proofs.—Construing the findings in connection with the proofs, the findings complained of as inconsistent are founded upon the theory that practically all of the vines in the "Turner vineyard" were of the Malaga variety, and that the defendants agreed to gather and deliver the vines from that particular vineyard; and since the evidence shows that plaintiff's assignor was fully informed of the kind of vines kept in that vineyard, and that it would be satisfied if the vines contracted for were delivered from that vineyard, it follows that if, in fact, all the vines sold and delivered did come from the "Turner vineyard," they must have been of the "Malaga variety and true to name," to the extent contemplated by the parties to the sale; and that the findings so construed must be held to be free from conflict.

Id.—Support of Findings—Evidence for Defendant.—It is held that the evidence received in support of the defendant's case is ample to support the findings of the trial court that the only agreement of the parties to the contract was that the vines should come from the Turner vineyard, and that no agreement or representations concerning the kind or quality of such vines were made by defendants other than they should come from that vineyard. The evidence being substantially conflicting, the court was justified in its findings based upon the evidence for the defendant.

Id.—Findings Showing No Breach of Warranty—Cause of Action for Damages Unfounded—Rulings upon Evidence as to Damages Immaterial.—Since the finding shows that there was no breach of warranty, it follows that no damages can be recovered for its breach; and in so far as any rulings complained of relate to the issue of damages, they are of no consequence, and may be disregarded upon the plaintiff's appeal.

Id.—Opinion Evidence as to Warranty Inadmissible.—The court properly rejected opinion evidence or a conclusion of a witness upon the issue as to a warranty.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

Frank Kauke, for Respondents.

LENNON, P. J.—In the month of January, 1907, the defendants sold and delivered to the Fowler Nursery and Warehouse Company of the city of Fresno some forty-seven thousand rooted vines at the agreed price of $11 per thousand, which was finally and fully paid to the defendants. The present action arises out of that transaction, and is for damages alleged to have been sustained by the purchaser because of the alleged breach by the defendants of a covenant of warranty which, it is claimed, accompanied and was made a part of the contract of sale. In that behalf the plaintiff's complaint in substance alleges that at the time of the sale, and as a part of the consideration for the purchase price thereof, the defendants covenanted and agreed with the purchaser that the vines and all of them should be Malaga rooted vines and of no other variety; that when delivered they should be true to name; that defendants warranted said vines to be Malaga rooted vines and no other, and that the purchase price was paid because of such warranty; that all of the vines delivered to the purchaser were not Malaga rooted vines, but that contrary to the covenant of warranty about twenty thousand of said vines were of a miscellaneous kind and of an inferior variety; that the purchaser, acting under the warranty and in the course of its business, sold all of the forty-seven thousand vines received from the defendants to several of its customers upon the representation that they were Malaga vines; that because of the fact that a large portion of such vines was not true to name and made up of a miscellaneous variety of vines of an inferior grade and value, the purchaser, the Fowler Nursery and Warehouse Company, to its detriment and damage in the sum of $2,500, lost many customers and much business, and was compelled to repay in money the loss resulting to those of its customers to whom it had sold such vines.

The Fowler Nursery and Warehouse Company assigned its claim for damages against the defendants to the plaintiff, and upon a trial of the action judgment was rendered for the defendants.

From the judgment and an order denying a new trial the plaintiff appeals upon the judgment-roll and a statement of the case.

The defendants by their answer admitted the sale of the vines but denied the making of the covenant of warranty pleaded in the plaintiff's complaint, and alleged in that behalf that the only agreement made by the parties to the sale concerning the kind of rootings sold and purchased was that they should be from the vineyard known as the "Turner vineyard." Defendants further denied that the vines sold and delivered under the contract were of any other variety than Malaga rooted vines, and alleged affirmatively that they were in fact Malaga rooted vines and true to name, although not warranted to be such by the defendants.

The trial court's findings of fact are assailed by plaintiff upon the grounds that they are inconsistent and contradictory of themselves and that they are not supported by the evidence. The findings are claimed to be contradictory in this, that notwithstanding a finding that the vines were "all Malaga vines and true to name," it is also found in effect that the sale was not made upon or accompanied by a covenant that the vines were "all Malaga vines and true to name," but that the only representation and agreement made by the defendants with reference to the kind and character of the vines was that they were from the "Turner vineyard."

Because of the alleged conflict in the findings, plaintiff insists that it is impossible to ascertain upon what theory the paramount issue in the case was decided.

In our opinion the conflict, if any, in the findings is more apparent than real, and may be readily reconciled when read and construed in conjunction with the evidence adduced at the trial. Upon a close analysis of the evidence it will be found that the findings complained of are founded upon the theory that practically all the vines in the "Turner vineyard" were of the Malaga variety, and that the defendants agreed to gather and deliver the vines sold from that particular vineyard. The evidence further shows that plaintiff's assignor was fully informed of the kind of vines grown in the Turner vineyard, and that it would be satisfied if the vines contracted for were gathered and delivered from that vineyard. It follows that if in fact all the vines sold and delivered did come

from the Turner vineyard, they must have been of the "Malaga variety and true to name" to the extent contemplated by the parties to the sale. This, we take it, is all that was intended to be found by the trial court; and so construed the findings complained of must be held to be free from conflict.

As to the point that the findings are not supported by the evidence, we find upon a careful examination of the record that the testimony offered and received in support of defendants' case accords with the trial court's finding of fact to the effect that it was agreed by the parties to the contract that the vines should be from the Turner vineyard, and that no representations or agreement concerning the kind or quality of such vines were made by the defendants other than that they should come from the Turner vineyard.

The plaintiff Nelson, as a member of the Fowler Nursery and Warehouse Company, negotiated the sale; and he testified, in substance, that it was his purpose to purchase only Malaga vines, and so informed the defendants, and that the defendants represented and agreed at the time of the sale that the vines were to be gathered from the Turner vineyard and true to name. It may be safely said, however, that nowhere in the plaintiff's testimony, or elsewhere in the record, is it made to appear that the defendants, as is alleged in the complaint, expressly agreed "that said vines and all thereof should be Malaga rooted vines and nothing else." The sum and substance of Nelson's testimony upon the point under discussion was that he wanted Malaga vines; that he inquired of defendants from what vineyard they procured Malaga cuttings, and in reply was "assured that the cuttings were taken from the Turner vineyard and that they were true to name." On the other hand, H. Sumida, the defendant who negotiated the sale with Nelson, testified that although he did represent and agree that the vines were to come from the Turner vineyard, and stated generally that they were Malagas and not mixed vines, nevertheless nothing was said at the time of the sale or at any other time about guaranteeing the vines to be Malaga vines, and that no warranty other than that the vines were to come from the Turner vineyard was ever given or made.

It may be true that if the trial court had accepted Nelson's testimony to the exclusion of everything else appearing in evi-

dence, it might have justified a finding that, impliedly at least, the defendants had warranted the vines to be Malaga vines. The evidence upon the whole case, however, is in substantial conflict as to what was said and done by the parties to the sale upon the subject of a warranty. It is likewise in conflict as to whether or not the vines sold and delivered all came from the Turner vineyard, and the evidence upon the whole sufficiently supports, we think, the trial court's findings of fact that no warranty, other than that the vines were to come from the Turner vineyard, was ever given or made by the defendants, and that all the vines actually sold and delivered did come from the Turner vineyard, as was warranted by the defendants.

Several rulings of the trial court in the admission and rejection of evidence are assigned as error, but the trial court's finding of fact that the vines were delivered in accordance with the warranty of the defendants was in effect a finding that there was no breach of the warranty upon which plaintiff's cause of action for damages was founded, and such finding necessarily foreclosed plaintiff of all right to recover the damages alleged and sued for.

In so far, therefore, as the rulings complained of relate to the issue of damages, they are of no consequence, and may be disregarded upon this appeal.

With respect to the trial court's rejection of testimony bearing upon the issue of warranty, it will suffice to say that in each instance wherein the ruling of the court is claimed to be erroneous, the question objected to sought to elicit the opinion or conclusion of the witness, and for this reason, if for no other, the testimony was properly excluded.

Upon an examination of the entire record we are satisfied that the cause was fairly tried and correctly decided.

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.