(June 22, 1918.)

## WEISER RIVER FRUIT ASSOCIATION, a Corporation, Respondent, v. LOT L. FELTHAM, Appellant.

[175 Pac. 583.]

APPEAL—UNDERTAKING—SUPERSEDEAS—SUFFICIENCY—DISMISSAL.

1. An undertaking stating that its purpose is to stay execution on appeal, and following Revised Codes, sec. 4810, which provides for undertaking for that purpose, will not be construed to include the $300 undertaking on appeal required by Revised Codes, secs. 4808 and 4809.

2. When the undertaking provided for by Rev. Codes, secs. 4808 and 4809, is not filed as therein provided nor waived by the adverse party in writing, "the appeal is ineffectual for any purpose."

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action on contract and to recover the sum of $1,000 liquidated damages. Judgment for plaintiff. Appeal *dismissed.*

Lot L. Feltham and Harris & Smith, for Appellant.

When any contract, agreement or undertaking has been reduced to writing and is evidenced by a document or series of documents, the contents of such documents cannot be contradicted, altered, added to or varied by parol or extrinsic evidence. (17 Cyc. 567–570, and notes 58–64; 596, and notes 56–58.)

"The parol evidence rule applies in full force to contracts of sale." (17 Cyc. 607–609, and notes 98, 99.)

Evidence is not admissible to show that the real intention of a party was other than what is clearly expressed by the writing. (17 Cyc. 670, and notes 51, 52.)

"No conversations or agreements had or made prior to that time, tending to vary or dispute the provisions of the writing, are proper considerations for the jury, and could not be given in evidence." (*Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Tyson v. Neill,* 8 Ida. 603, 70 Pac. 790.)

Where the entire contract has been reduced to writing, it, of course, governs, and parol evidence of an oral express warranty is not admissible. (5 Elliott on Contracts, sec. 5000, and note 24; 2 Elliott on Contracts. secs. 1620, 1621; *McNinch v. Northwest Thresher Co.,* 23 Okl. 386, 138 Am. St. 803, 100 Pac. 524; Addison on Law of Contracts, 11th ed., p. 64.)

In cases of executory contracts, when there is a warranty of quality, the purchaser is not only not bound to receive the goods unless they correspond to the warranty; but even after they have been delivered by the vendor, he may reject them after discovering the defect, and, if he has paid for them, he may receive back the price. (Addison on Law of Contracts, p. 558; 1 Black on Rec. and Con. of Contracts, sec. 177, and note; Bishop on Contracts, 2d ed., sec. 169; *Nielsen v. Northeastern Siberian Co.,* 40 Wash. 194, 82 Pac. 292.)

Frank D. Ryan, for Respondent.

"Unless otherwise expressed, a warranty relates only to the time of sale and does not cover future defects. . . . . Consequently a warranty of quality will not cover deterioration of the goods during shipment." (35 Cyc. 414.)

Evidence of an admission by appellant of the condition and grade of the apples, which was one of the material facts in the case, was admissible. (Jones on Evidence, p. 300; 2 Wigmore on Evidence, sec. 1048.)

"Ordinarily a general warranty as to conditions does not cover defects which are plain and obvious to the purchaser, or which are at the time known to him." (*Scott v. Geiser Mfg. Co.*, 70 Kan. 500, 80 Pac. 955; *McCormick v. Kelly*, 28 Minn. 135, 9 N. W. 675; *Bullock v. Consumers' Lumber Co.*, 3 Cal. Unrep. 609, 31 Pac. 367, 370.)

The jury found that the apples were up to the grades marked on the boxes. Therefore, the ruling of the court in regard to the measure of damages provable by appellant could in no way have changed or affected the verdict, and such rulings, whether right or wrong, in view of the findings of the jury, were immaterial and in no way prejudiced appellant. (4 C. J. 985; *Nelson v. Sumida*, 19 Cal. App. 171, 124 Pac. 1053; *Madsen v. Utah Light & Ry. Co.*, 36 Utah, 528, 105 Pac. 799; *Baldwin v. Fisher*, 110 Minn. 186, 124 N. W. 1094; *Bunce v. Stanford*, 27 Pa. St. 265; *Harlow v. Parsons Lbr. etc. Co.*, 81 Conn. 572, 71 Atl. 734, 735; *Whitacre v. Culver*, 9 Minn. 295; *Spongberg v. First Nat. Bank*, 15 Ida. 671, 99 Pac. 712.)

BUDGE, C. J.—This action was brought to recover the purchase price of apples sold by respondent to appellant under a written contract and to recover the sum of $1,000 which had been deposited by appellant with the First National Bank of Weiser to be forfeited as liquidated damages in the event he should fail to take the apples contracted for or to pay for them. Respondent recovered judgment for $1,908.65. This appeal is from the judgment.

There is no written waiver of the undertaking on appeal in the record, nor does the record contain a certificate of the clerk that an undertaking on appeal in due form was filed as required by Rev. Codes, sec. 4821. The record on appeal must show that an undertaking on appeal in due form has been properly filed or that the same has been waived in writing, or the appeal will be dismissed. (*Rich v. French*, 3 Ida. 727, 35 Pac. 173.) The only undertaking appearing in the record, after reciting the recovery of the judgment and that appellant "has appealed therefrom . . . . ," provides as follows:

"And Whereas, the said appellant claims a stay of proceedings and is desirous of staying the execution of said judgment so appealed from pending the trial of said case in the said Supreme Court of the State of Idaho:

"Now therefore, in consideration of the premises and of such appeal we the undersigned, do hereby jointly and severally undertake and promise and do acknowledge ourselves jointly and severally bound in the sum of $3,818.00, that the said appellant will pay the amount of the judgment so appealed from, and all costs if the appeal be withdrawn or dismissed or the amount of any judgment and all costs that may be recovered against said defendant Lot L. Feltham, in said action in said Supreme Court."

Revised Codes, sec. 4808, provides: " . . . . but the appeal is ineffectual for any purpose, unless within five days after service of the notice of appeal, an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

The undertaking therein required to be filed is prescribed by Rev. Codes, sec. 4809. This section defines the conditions which the appeal bond must contain and limits its amount to $300. Rev. Codes, sec. 4810, prescribes the undertaking which must be given in the event a stay of execution of a money judgment is desired; this bond must be in double the amount of the judgment. It will be noticed from the provisions contained in the undertaking given by appellant and

quoted above that it purports to be the one prescribed by Rev. Codes, sec. 4810.

We are therefore confronted with the question: Can the undertaking given by appellant to stay execution be construed to include the $300 undertaking on appeal required by Rev. Codes, secs. 4808 and 4809? From the authorities hereinafter cited, it is apparent that no such construction can be placed upon appellant's bond, and therefore "the appeal is ineffectual for any purpose." (Rev. Codes, secs. 4808 and 4809.)

The precise point was before the supreme court of California in an early case, wherein it is said: "But the former is required for one purpose, and the latter for a different purpose. It cannot be denied that the legislature had the power to enact the statute in the form which it bears. Now, when an undertaking is required to render an appeal effectual for any purpose, how can the contention be sound that since an undertaking prescribed for another purpose, i. e., for a stay, contains in it the same terms and conditions, with others, as are to be inserted in an undertaking on appeal, that, therefore, the stay undertaking is sufficient for both purposes? The statute is one, and its various sections must be construed together, and it would be a singular conclusion that the legislature intended that an undertaking required for a declared purpose should operate to accomplish a different purpose; and that, when it is expressly declared that it shall have no such effect. That would be to deduce of a declared intention a different intention by implication; that the legislature, when it declared one thing, meant another and different one. We cannot declare of a statute making in words an express declaration of its intent a different intent. When an intent is declared, there can be no implication of a different intent." (*Duffy v. Greenebaum,* 72 Cal. 157, 13 Pac. 323, 12 Pac. 74; *Perkins v. Cooper,* 87 Cal. 241, 25 Pac. 411.)

The same rule was again announced by the supreme court of California in *Duncan v. Times-Mirror Co.,* 109 Cal. 602, 42 Pac. 147, the court, after following *Duffy v. Greenebaum,*

*supra,* saying: "In addition to the reasons there given for the ruling, it may be suggested that $300 is not always sufficient to secure to a respondent his costs and damages, and it was competent for the legislature to require further security in case a stay of execution was desired; . . . . "

The supreme court of Montana, in passing upon the same question, has said: "One undertaking in the sum of $300 is required to secure the appeal. The other must be in double the amount of the judgment in order to stay the execution. The fact that the legislature has prescribed that the latter shall contain all the conditions required to be contained in the former is no valid reason why the appellant should be excused from securing the appeal as the statute provides. The former has one purpose in view, viz., to secure the appeal, and this purpose is not accomplished unless it meets all prescribed requirements. The latter must contain all the necessary conditions, or the stay will not be effectuated. Standing as separate instruments, each must be judged by its own terms. The conditions of one cannot be considered as the conditions of the other. The incorporation of both in the same instrument does not render their purposes any less diverse, nor does it make one a part of the other, either by way of addition to or qualification of its terms." (*Hill v. Cassidy,* 24 Mont. 108, 60 Pac. 811, 812.) The Montana court then quotes with approval from *Duffy v. Greenebaum, supra.*

· A similar view was expressed by this court in *Wilson v. Doyle,* 12 Ida. 295, 85 Pac. 928.

With the reasoning of the foregoing authorities we are in entire accord and we therefore hold that a *supersedeas* bond given in accordance with the provisions of Rev. Codes, sec. 4810, cannot be construed to include the $300 undertaking on appeal required by Rev. Codes, secs. 4808 and 4809, and that without the latter "the appeal is ineffectual for any purpose."

The appeal is dismissed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.

ON SUGGESTION OF DIMINUTION OF THE RECORD AND PETITION
FOR REHEARING.

(October 2, 1918.)

EVIDENCE—CONTRACTS—WARRANTY—DAMAGES—PLEADINGS.

3.   It is not error for the trial court to strike from an affirmative answer matter reciting negotiations between the parties prior to the execution of a written contract, and matter explanatory of the terms thereof, in the absence of ambiguity.

4.   When a deposit is made of a lump sum to be paid in case of breach of the contract, the question as to whether such lump sum is to be regarded as a penalty or liquidated damages generally is determined by the intention of the parties to the contract.   Where the question is not urged by either of the litigants, an appellate court will not, on its own motion, construe the contract where it is one in which the parties might have agreed upon the lump sum as liquidated damages.

5.   The W. Fruit Association brought an action upon a written contract, wherein the quality of the article sold was guaranteed to be of certain grade.   F. defended upon the ground of breach of warranty.   The jury found there was no breach of warranty. Held, that all defenses and counterclaims for damages for breach of warranty fail.

6.   Where respondent and appellant entered into a written contract for the sale of apples described therein, and appellant at the trial contended that there was a breach of warranty as to the quality and grade of the apples, testimony on the part of respondent that appellant examined the apples before the execution of the contract, and expressed himself as satisfied with their condition, was properly admitted as tending to prove an admission on the part of appellant.

Judgment for plaintiff affirmed.

RICE, J.—Upon filing the preceding opinion in this case, appellant suggested a diminution of the record in order to show that a proper undertaking on appeal had been filed with the clerk below, and asked for a rehearing.   Upon the record being supplied it was found that this court had jurisdiction of the appeal.   We have, therefore, considered the

questions raised by the record upon the argument heretofore had.

On the first day of December, 1914, the respondent and Lot L. Feltham, appellant, entered into a written contract, the material portions of which are as follows:

"That the first party in consideration of the payment to it of the sum of $5,019.30 by second party, in payments as hereinafter specified, does hereby agree to sell and does hereby sell to said second party, its certain stock of packed apples now stored at the Cold Storage plant in Weiser, Idaho, of varieties and quality as follows, to-wit: . . . . making a total of 3441 boxes of extra fancy apples and 2403 boxes of fancy apples.

"That any and all of said apples shall be loaded free on board of cars at Weiser, Idaho, by first party, upon the order of second party as to kinds and quality in each car, and shall be shipped on or before the 15th day of January, 1915, and at least six cars of said apples shall be shipped on or before January 1st, 1915, on order of second party.

"It is agreed that as a guarantee of good faith that he will take and pay for all of the said apples herein described at the prices herein quoted, he will deposit in the First National Bank of Weiser, Idaho, the sum of one thousand dollars, which money shall remain in said bank till the payment of the entire stock of apples herein described, and said one thousand dollars shall constitute a guaranty of the full performance of this contract including the payment of the purchase price of said apples as herein stated. In case all of said apples are received and paid for in said times as agreed herein, the said sum of one thousand dollars shall be released to second party. In case second party shall fail to take and pay for any of said goods said sum of one thousand dollars shall be forfeited to first party as liquidated damages. This deposit as security shall in no way be considered as a payment upon the purchase price of any of said apples and all shipments of apples shall be paid for within the times herein stated.

"It is agreed that all payments made under this agreement shall be made through the said First National Bank, and second party shall be credited for said payments upon this contract as received from second party.

"It is agreed that credit for three cars of said apples shall be extended to second party and he shall have the same shipped to his order, but in no case shall credit for more than three cars of said apples be extended to second party at one time. It is also agreed that said apples are considered to be delivered and accepted by second party at the time same is delivered upon the cars and loaded at Weiser, Idaho, and the bill of lading turned over to the First National Bank, . . . . "

Respondent set out two causes of action in his complaint: First, for the sum of $1,000 forfeited as liquidated damages by appellant for failure to perform his written contract; second, for $801.40, balance of the purchase price of a portion of the apples shipped to appellant in accordance with the terms of the contract. Appellant defended on the ground that the apples were not of the quality and grades specified in the contract, and also set up affirmative defenses claiming damages for breach of the warranty as to the quality of the apples. It appears that two cars of apples were shipped to appellant by respondent shortly after the execution of the contract, and that thereafter, on January 31, 1915, appellant refused to receive the remainder and declined to fulfil the contract. The case was tried to a jury, and verdict was returned for the full amount prayed for by respondent.

The following special interrogatory was submitted to the jury:

"On the first day of December, 1914, the date of the contract of sale between plaintiff Weiser Fruit Association and defendant Feltham, were the apples described in the said contract of the kinds and grades marked on the various boxes?

"Answer: Yes."

Judgment was entered on the verdict, and Feltham appeals therefrom.

Appellant assigns as error the action of the court in striking certain matter from his affirmative defenses. The matter stricken is somewhat voluminous, and we will not quote it here. Suffice to say that it consisted mainly of a recital of the negotiations between the parties prior to the execution of the contract, and explanations as to the terms thereof. Certain allegations with reference to prospective profits which would have accrued to appellant had the apples been as warranted were also stricken by the court. The action of the court was proper. All prior negotiations were merged in the written contract. This contract speaks for itself, and is not ambiguous. In any event, in view of the special finding of the jury, the action of the court in granting the motion to strike was without prejudice.

Appellant made no contention in the court below, nor in this court, that the portion of the contract providing for the deposit of $1,000 in the First National Bank of Weiser should be construed as providing for a penalty instead of liquidated damages. In construing provisions of this character the general rule is that the intention of the parties, as to whether the agreement is for a penalty or for liquidated damages must prevail. (13 Cyc. 90; 8 R. C. L. 560.) In this case liquidated damages might have been contracted for, and from the action of the parties it appears to be conceded that the $1,000 should be considered as liquidated damages and not as a penalty. This court will not, therefore, of its own motion, hold that the first count of the complaint does not state a cause of action.

Appellant complains of an instruction given by the court to the effect that if, on the date of the contract, the apples so sold by respondent were of the kinds and qualities specified therein, and as marked on the boxes, respondent would be entitled to the specified contract price, and that it made no difference whether any or all of the apples subsequently deteriorated. On examination of the entire contract it is clear that respondent only warranted the quality and grade of the apples on the date of sale. The language of the contract is that respondent "does hereby agree to sell and does

hereby sell to said second party its certain stock of packed apples . . . . of varieties and quality as follows.'' The jury having found that the apples conformed to the warranty on that date, all of the defenses on the part of appellant and all his counterclaims for damages fail, and many of the errors alleged become immaterial. (*Nelson v. Sumida,* 19 Cal. App. 171, 124 Pac. 1053; *Baldwin v. Fisher,* 110 Minn. 186, 124 N. W. 1094.)

The only additional specifications of error which could be material are those as to the action of the court in excluding or admitting evidence relative to the character of the apples on the date of sale. We have examined these specifications in detail, and are of the opinion that the court did not commit error in its rulings on the admission and rejection of testimony.

Respondent was permitted to introduce testimony to the effect that the day before the execution of the contract, appellant examined the apples described therein and expressed himself as satisfied with their condition. This testimony was properly admitted as tending to prove an admission on the part of appellant. (2 Wigmore on Evidence, sec. 1048.)

We find no error in the record. The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and Morgan, J., concur.